Pat GOGGINS, Appellant,

v.

Darlene LEO, Appellee.

No. B14–92–00269–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Feb. 4, 1993.

Stephen N. Riner, Houston, for appellant.

Jeffery R. Singer, Houston, for appellee.

Before MURPHY, CANNON and MORSE (Sitting by Designation), JJ.

## OPINION

CANNON, Justice.

This is a forcible detainer case. Darlene Leo ("Leo") successfully sued Pat Goggins ("Goggins") in justice court for possession of Leo's condominium. Goggins lost on her appeal to the county court and now appeals to us. We affirm.

For approximately four years, Goggins had leased a condominium from Exocet, Inc. ("Exocet"), not a party to this suit. In May 1988 Ponderosa Forest Utility District and other taxing entities (collectively "Ponderosa") obtained a judgment against Exocet in the 11th District Court for unpaid taxes. In September 1988 the Harris County Precinct No. 4 constable conducted a tax foreclosure sale, but there were no bidders, and the property was struck off to Ponderosa. The record does not contain the deed, but we assume that Ponderosa acquired title to the condo by tax sale deed. In July 1991 for reasons unclear from the record, a second tax foreclosure sale was held where Ponderosa obtained another tax sale deed. That same month, Leo purchased the property from Ponderosa by tax resale deed. She immediately requested in writing that Goggins vacate the property. In August 1991 after Goggins refused to leave, Leo filed a forcible detainer action in the Justice Court, Precinct No. 4, Harris County, and the court awarded Leo possession. In November 1991 Goggins appealed to the County Civil Court at Law No. 2, Harris County (the "trial court"). After a trial de novo bench trial, the county court again awarded Leo possession. Goggins appeals.

A summary of relevant dates and transactions follows:

(1) May 25, 1988—Judgment, by the 11th District Court foreclosing on the condo in favor of Ponderosa and ordering a tax sale.

(2) June 20, 1988—First Order of Sale.

(3) September 6, 1988—First Tax Foreclosure Sale, but no bidders and condo struck off to Ponderosa.

(4) Date Unknown (not in record)—First Tax Sale Deed, conveyance to Ponderosa.

(5) May 22, 1991—Second Order of Sale.

(6) July 18, 1991—Tax Resale Deed, tax resale to Leo.

(7) July 29, 1991—Second Tax Foreclosure Sale, condo bought by Ponderosa.

(8) July 29, 1991—Second Tax Sale Deed, conveyance to Ponderosa.

 In point of error eight, Goggins complains that the trial court erred in failing to grant her motion for directed verdict because there was no evidence or insufficient evidence that the condo was located within the jurisdiction of Justice Court, Precinct No. 4, Harris County.

 The justice court in the precinct in which the real property is located has jurisdiction in forcible detainer actions. TEX. PROP. CODE ANN. § 24.004 (Vernon Supp. 1993). The appellate jurisdiction of the county court is confined to the jurisdictional limits of the justice court. *Standard Inv. Co. v. Dowdy*, 122 S.W.2d 1107, 1109 (Tex.Civ.App.—Dallas 1938, writ dism'd). The county court has no jurisdiction on appeal unless the justice court had jurisdiction. *Lewis v. Terrell*, 154 S.W.2d 151, 153 (Tex.Civ.App.—Austin 1941, writ ref'd w.o.m.); 6 TEX. JUR.3d *Appellate Review* § 946 (1980).

 A no evidence challenge requires this court to review only the evidence and reasonable inferences from the evidence that tend to support the finding, disregarding all evidence and inferences to the contrary. *Davis v. City of San Antonio*, 752 S.W.2d 518, 522 (Tex.1988). We uphold the finding if there is any evidence of probative force in the record to support it. *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660, 661 (1951).

Goggins requested that the trial court take judicial notice of the complaint for forcible detainer filed by Leo in the justice court. That sworn complaint reads in part, "... the premises situated at 2103 Place Rebecca D7 [,] Houston, Texas 77090 together with the dwelling and outhouses *situated in the Justice of the Peace Precinct No. 4 ....*" We find that this is

some evidence in support of the implied finding that the condo was located in Precinct No. 4, and we overrule Goggins' no evidence challenge.

■ To review a complaint of factual insufficiency, we weigh all the evidence in support of and contrary to the challenged finding. We uphold the finding unless we conclude that the evidence is so weak or so against the great weight and preponderance of the evidence that the finding was manifestly erroneous or unjust. *Id.* In a bench trial, the trial court is the finder of fact and may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Southwestern Bell Media, Inc. v. Lyles*, 825 S.W.2d 488, 493 (Tex. App.—Houston [1st Dist.] 1992, writ denied).

Leo's sworn complaint avers that the condo was situated in Precinct No. 4. As there was no controverting evidence, we find that the sworn complaint was sufficient to establish the location of the condo and that the trial court's implied finding to that effect was not manifestly erroneous or unjust. We overrule Goggins' insufficient evidence challenge and point eight.

■ In point seven Goggins argues that the trial court erred in denying her plea in abatement because the dominant jurisdiction over all aspects of the case was vested in the 11th District Court by virtue of the 1988 foreclosure suit.

■ Goggins contends that the trial court should have dismissed Leo's suit due to the "pendency of Cause No. 86–00465" in the 11th District Court. We disagree that the cause was "pending." The 11th District Court rendered a final judgment on May 25, 1988. However, the record does reflect that Leo filed an application for writ of possession on November 15, 1991, to enforce that judgment. Nevertheless, that enforcement action would not preclude Leo from pursuing a parallel forcible detainer in justice court. Forcible detainer is cumulative, not exclusive, of other remedies. *Anarkali Enters. v. Riverside Drive En-*

*ters.*, 802 S.W.2d 25, 26 (Tex.App.—Fort Worth 1990, no writ). Justice and district court remedies may be employed concurrently. *Hartzog v. Seeger Coal Co.*, 163 S.W. 1055, 1060 (Tex.Civ.App.—Dallas 1914, no writ). We overrule point seven.

■ In point four, Goggins complains that the trial court erred in awarding title to the condo to Leo because there was no evidence or insufficient evidence of Leo's chain of title.

The trial court's judgment stated, "... [T]he property the subject of this lawsuit ... is hereby *awarded* to Plaintiff Darlene Leo." (emphasis ours). The writ of possession which followed stated, "... Plaintiff(s) ... recovered judgment against defendant(s), Pat Goggins, for *possession* of the premises...." (emphasis ours). We find that the trial court awarded possession, not title, to Leo, and we overrule point four.

In point five, Goggins contends that the trial court erred in awarding title to Leo because there were no pleadings asserting a claim of title. As in point four, we find that the trial court did not award title to Leo, and we overrule point five.

In point six, Goggins asserts that the trial court erred in awarding title to Leo because the trial court did not have subject matter jurisdiction over suits to determine title to land or recovery of land. As in points four and five, we find that the trial court did not award title to Leo. Moreover, we refer Goggins to TEX. GOV'T CODE ANN. § 25.1032(c)(1) & (6) (Vernon Supp.1993) where the Harris County courts at law are given jurisdiction to decide the issue of title and hear suits for recovery of real property. We overrule point six.

■ In point two, we reach the heart of Goggins' appeal. Goggins complains that there was no evidence or insufficient evidence to support the implied finding that she committed a forcible detainer. Goggins argues that the only evidence of ownership is Leo's own testimony and her 1991 tax resale deed, and that such evidence is deficient.

The action of forcible detainer was created by the legislature to provide a speedy

and inexpensive remedy for determination of who is entitled to possession of property. *Johnson v. Fellowship Baptist Church,* 627 S.W.2d 203, 204 (Tex.App.—Corpus Christi 1981, no writ). TEX.PROP.CODE ANN. § 24.002 (Vernon Supp.1993) states in pertinent part:

> (a) A person who refuses to surrender possession of real property on demand commits a forcible detainer if the person: (1) is a tenant or a subtenant wilfully and without force holding over after the termination of the tenant's right of possession; (2) is *a tenant* at will or *by sufferance, including an occupant at the time of foreclosure of a lien superior to the tenant's lease;* or (3) is a tenant of a person who acquired possession by forcible entry. (emphasis added).

A no evidence challenge requires this court to review only the evidence and reasonable inferences from the evidence that tend to support the finding, disregarding all evidence and inferences to the contrary. *Davis, supra.* We uphold the finding if there is any evidence of probative force in the record to support it. *In re King's Estate, supra.*

The undisputed facts are that Goggins had lived in the condominium from approximately November 1987 and paid rent monthly to Exocet, the prior owner. The testimony conflicted on whether Goggins and Exocet had a one-year lease or whether Goggins was merely a month-to-month tenant. No lease was introduced into evidence. There was no lease or other agreement between Goggins and Leo. Goggins did not claim to be the owner of the property. Leo purchased the condo from Ponderosa by the 1991 tax resale as evidenced by her 1991 tax resale deed and her own testimony. Leo gave timely written demand for possession. Goggins refused to leave or pay rent to Leo.

■■■ There was no landlord-tenant relationship between Leo and Goggins nor any forcible entry. Therefore, Leo's only theory of recovery was that Goggins was a tenant by sufferance, i.e., an occupant at the time of foreclosure of a lien superior to

the tenant's lease. A tenant at sufferance does not have privity with the landlord but is merely an occupant in naked possession after his right to possession has ceased. *See* BLACK'S LAW DICTIONARY 1314 (5th ed. 1979).

Leo was required to prove the following elements under this theory of recovery: (1) Leo was the owner, (2) Goggins was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to Goggins' lease, (4) Leo made demand for possession, and (5) Goggins refused to leave. *See* § 24.002, *supra.*

■■■ There was evidence of Leo's ownership. Leo's tax resale deed was evidence of ownership as was her uncontroverted testimony. Goggins complains that Leo did not comply with TEX.R.CIV.P. 798 regarding proof of title to a common source. But Rule 798 applies only to trespass to try title suits. She also contends that Leo is required to prove chain of title when seeking to prove title under an execution sale, including but not limited to the execution deed, order of sale, and officer's return. But the authority she relies on, *Sledge v. Craven,* 254 S.W.2d 888, 890 (Tex.Civ.App.—Galveston 1953, no writ) and 34 TEX.JUR.3d *Enforcement of Judgments* § 132 (1984) relate to trespass to try title and enforcement of judgment situations respectively, not to forcible detainer. Leo need not prove up title, but need only show sufficient evidence of ownership to demonstrate a superior right to immediate possession. In fact, TEX.R.CIV.P. 746 specifically prohibits the adjudication of the merits of title in a forcible detainer action.

There was evidence that Goggins was an occupant of the condo at the time of foreclosure. It was undisputed that Goggins was living in the condo at the time of the 1991 tax sale and resale. There was evidence that the foreclosure was of a lien superior to Goggins' lease. Ponderosa's tax lien arose from the 1988 judgment. If the lease was renewed annually as Goggins testified, then the latest one-year lease must have been renewed after the tax lien and would be inferior to it. *See* 50 TEX.JUR. *Liens* § 12 (1986) (first in time, first in

right). There was evidence that Leo made demand for possession. It was undisputed that Leo gave Goggins 30–days written notice before bringing her forcible detainer action. Finally, there was undisputed evidence that Goggins refused to surrender possession. We find that there was some evidence supporting the trial court's implied conclusion that Goggins committed a forcible detainer, and we overrule her no evidence challenge.

■ An insufficient evidence challenge requires us to consider the evidence both in support of and contrary to the challenged findings. We set aside the finding only if the evidence is so weak or the finding so against the great weight and preponderance of the evidence as to be clearly wrong or unjust. *In re King's Estate, supra.* In a bench trial, the trial court is the finder of fact and may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *Southwestern Bell Media, Inc., supra.*

Goggins did not controvert the above facts establishing forcible detainer. Rather, she attempted unsuccessfully to introduce evidence relating to the 1991 tax sale to Ponderosa in order to show that Leo's title was burdened by Exocet's right of redemption. As we explain under the next point, we find that evidence to be relevant to the issue of possession but not helpful to Goggins' position. We therefore find the evidence sufficient to support the trial court's conclusion that Goggins committed a forcible detainer and overrule point two.

■ In point three, Goggins complains that the trial court improperly excluded evidence relevant to Leo's right to possession, i.e., the testimony of Mark Brooks, attorney for Ponderosa; the 1991 order of sale; and the 1991 Ponderosa deed. The trial court sustained Leo's relevancy objection.

The substance of Brooks' excluded testimony was that a tax sale was held in July of 1991 and that Ponderosa acquired title via tax sale deed. The testimony, order of

sale, and deed were preserved by bill of exception.

Goggins argues that the excluded evidence was offered to prove that Leo's right of possession had not yet commenced. The tax code provides for a two-year period of redemption within which the former owner can repurchase the foreclosed property. That period begins to run when the tax sale deed is recorded. TEX.TAX CODE ANN. § 34.-21(a) (Vernon 1992). The 1988 judgment authorizing the tax sale states in part:

> AND IT IS FURTHER ORDERED, ADJUDGED AND DECREED by the Court that the Clerk of this Court *withhold the issuance of a writ of possession* to the land above described and ordered sold, or any part thereof which is sold, *until the expiration of the period of redemption fixed by law,* and if, before the expiration of said period of redemption, no person who is entitled to redeem the said property have exercised the right of redemption, then at that time a writ of possession shall immediately be issued.... (emphasis added).

Goggins argues that this judgment and restriction on possession is binding on Ponderosa as purchaser at the tax sale. She maintains that the 1991 Ponderosa deed has not yet been filed of record, so the period of redemption has not even begun. She reasons that Ponderosa has no right to immediate possession and that Leo acquires no greater right than Ponderosa under her quitclaim tax resale deed.

Leo replies that the 1991 tax sale evidence is not relevant because, under TEX. R.CIV.P. 746, the only issue in forcible detainer is the right to possession and the merits of title shall not be adjudicated.

■ Rule 746 notwithstanding, evidence of title may be received in forcible detainer actions, not for the purpose of determining title, but in connection with or incident to the right of possession. *Haith v. Drake,* 596 S.W.2d 194, 197 (Tex.App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.); 41 TEX. JUR.3d *Forcible Entry and Detainer* § 12 (1985). Goggins' excluded evidence cannot be deemed irrelevant merely because the evidence relates to title.

We find that the 1991 tax sale evidence was relevant to the issue of possession and that the trial court erred in excluding it. However, we also find that the error was harmless.

 Under prior law, in effect at the time of the 1988 judgment, a purchaser at a tax sale could take possession of the property only after the former owner's period of redemption had run. *See, e.g., State v. Moak,* 146 Tex. 322, 207 S.W.2d 894, 896 (1948). In 1989, however, the tax code was changed to permit a purchaser at a tax sale to take possession during the former owner's redemption period. The 1989 amendment to § 34.21 added a subsection (c):

> The right of redemption does not grant or reserve in the former owner of the real property the right to the use or possession of the property, or to receive rents, income, or other benefits from the property while the right of redemption exists.

TEX.TAX CODE ANN. § 34.21(c) (Vernon 1992). Section 49(e) of the 1989 amendatory act provides:

> The change in law ... *applies* only *to a tax sale held on or after [June 15, 1989].* The interest of the owner of real property sold at a tax sale before the effective date ... is covered by the law in effect when the tax sale was held, and the former law is continued in effect for that purpose.

Acts 1989, 71st Leg., ch. 796, § 33, eff. July 15, 1989 (emphasis added). Section 49(e) makes clear that the 1991 tax sale was governed by the new § 34.21(c).

If Leo's chain of title runs from the 1991 tax sale and Ponderosa deed, then the 1989 amendment to the tax code permits Ponderosa and Leo to take possession despite the former owner's redemption period. We find that the evidence relating to the 1991 tax sale is relevant because the evidence tended to make more probable a fact of consequence to the determination of the action, i.e., that Leo's right of possession had commenced. TEX.R.CIV.P. 401.

 However, that evidence could only harm Goggins' position. Therefore, while we find that Goggins' proffered evidence on the 1991 tax sale was relevant to the issue of possession, we also find that excluding that evidence did not harm Goggins. The error was not calculated to cause nor did cause the rendition of an improper judgment. TEX.R.APP.P. 81(b)(1). We overrule point two.

 In point one, Goggins complains that the trial court abused its discretion by failing to file findings of fact and conclusions of law. She contends that she is unable to discern the facts and grounds of recovery on which the trial court based its judgment.

 Goggins' original and follow-up requests for findings of fact and conclusions of law were timely. Failure of a court to file findings and conclusions is presumed harmful unless the record affirmatively shows that appellant suffered no harm. *Cherne Industs. v. Magallanes,* 763 S.W.2d 768, 772 (Tex.1989); *see Vickery v. Texas Carpet Co.,* 792 S.W.2d 759, 763 (Tex.App.—Houston [14th Dist.] 1990, writ denied) (no harm when appellant failed to appear, offered no defense, and appellee's evidence was simple and sufficient). The test for harm is whether the circumstances of the particular case would require an appellant to guess at the reasons for the trial court's decision. *Sheldon Pollack Corp. v. Pioneer Concrete of Texas, Inc.,* 765 S.W.2d 843, 845 (Tex.App.—Dallas 1989, writ denied). In other words, the issue is whether the appellant was prevented from making a proper presentation of his case on appeal. *Eye Site, Inc. v. Blackburn,* 750 S.W.2d 274, 277 (Tex.App.— Houston [14th Dist.] 1988), *rev'd on other grounds,* 796 S.W.2d 160 (Tex.1990).

We find that there was only one possible theory of recovery for Leo and that the implied findings necessary for that recovery were supported by the evidence. Leo never alleged forced entry and so TEX.PROP. CODE ANN. § 24.001, the forcible entry and detainer statute, was inapplicable. The facts were undisputed that no landlord-tenant relationship existed between Goggins

and Leo, and so the only recovery under TEX.PROP.CODE ANN. § 24.002, the forcible detainer statute, was under subsection (a)(2). Under that provision, Leo could recover possession by showing that she was the current owner, that Goggins was an occupant at the time of the foreclosure of a lien superior to her former lease, and that Goggins refused to vacate after Leo's demand for possession. We find that the record affirmatively reflects that Goggins was not impaired in bringing her appeal because of confusion over Leo's theory of recovery or the necessary evidentiary support. It is clear from her brief that Goggins correctly discerned Leo's only possible theory of recovery. We overrule point one.

There being no reversible error, we affirm the judgment below.