Opinion issued June 8, 2006










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-04-00584-CV




DANNY ROYCE MURPHY, Appellant

V.

COUNTRYWIDE HOME LOANS, INC. AND SAMUEL DAFFIN, II,
Appellees




On Appeal from the 405th District Court
Galveston County, Texas
Trial Court Cause No. 02CV0624




O P I N I O N
          Appellant, Danny Royce Murphy, appeals the trial court’s order granting a no-evidence summary judgment in favor of appellees, Countrywide Home Loans, Inc.
and Samuel Daffin, II (collectively “Countrywide”). Murphy asserts that (1) the no-evidence summary judgment motion rendered against him was signed by a legally
unqualified visiting senior judge and is therefore void, (2) the trial court erred by
denying his motion to set aside the summary judgment, and (3) Countrywide lacked
standing to be awarded any relief. We affirm.
Background
          After signing a promissory note, Murphy obtained a loan from Countrywide to
purchase a home. Murphy defaulted on the loan, notices of acceleration were sent to
him, and demand was made to no avail.
          Murphy sued Countrywide to prevent foreclosure. After a hearing, the trial
court granted a temporary restraining order. The court subsequently denied Murphy’s
application for a temporary injunction to prevent the proposed foreclosure sale, and
Countrywide foreclosed on the property.
          In response to Murphy’s lawsuit, Countrywide filed a general denial and later
filed a no-evidence summary judgment as to all of Murphy’s claims against it. 
Countrywide filed an original counterclaim against Murphy seeking possession of the
property, the deficiency in the note after foreclosure, and attorney’s fees. Visiting
senior judge Frank T. Carmona granted the no-evidence summary judgment against
Murphy, and Countrywide then filed a traditional motion for summary judgment as
to possession. Murphy filed a motion to set aside the no-evidence summary
judgment. Presiding judge Wayne Mallia denied Murphy’s motion to set aside the
no-evidence summary judgment and, on the same day, granted Countrywide’s
traditional summary judgment as to possession. Validity of Judgment
          In his first point of error, Murphy contends that the no-evidence summary
judgment is void because it was rendered and signed by a legally unqualified visiting
senior judge. Murphy alleges that the trial court record is devoid of any
documentation showing that the visiting senior judge, the Honorable Frank T.
Carmona, had ever subscribed to the constitutionally required oath of an appointed
officer before beginning his assignment. See Tex. Const. art. XVI, §1(c) (oath of
office) and (d) (anti-bribery oath). Murphy also argues that, although Judge Carmona
signed an anti-bribery oath, that oath is defective because it was for another court and
filed before Judge Carmona was appointed to the trial court.


 We disagree.  
          Murphy cites Prieto Bail Bonds v. State, 994 S.W.2d 316 (Tex. App.—El Paso
1999, pet. ref’d.) for the proposition that senior judges are appointed and must take
the constitutional oaths required of appointed officers. In Prieto, the retired judge
had served as both a district judge and as a justice on the El Paso Court of Appeals
for a combined 23 years. Id. at 318. Upon his retirement, the judge made an election
to continue serving as a senior judge. Id.; see Tex. Gov’t Code Ann. § 75.001
(a)–(d) (Vernon Supp. 2005)


. He apparently did not take any additional oaths upon
retirement, and the Prieto court held that this failure nullified the orders signed by the
retired judge. Prieto, 994 S.W.2d at 318-20. 
          Murphy argues that retired judge Carmona has not filed an oath of office since
he retired as a regular district judge; therefore, his signing of the no-evidence
summary judgment renders it void. Countrywide produced five documents filed with
the Texas Secretary of State that supported its contention that Carmona had satisfied
his constitutional requirements to assume office. These documents included two
Statements of Elected Office for the 122nd Judicial District; two Oaths of Office for
the 122nd Judicial District; and a Statement of Elected/Appointed Officer as Visiting
Senior District Judge, Galveston County. 
          We have held that the presumption of the regularity of trial court judgments
and proceedings applies to appellate challenges of visiting trial court judges for
alleged failures to take their constitutionally required oaths. See Murphy v. State, 95
S.W.3d 317, 320 (Tex. App.—Houston [1st Dist.] 2002, pet. ref’d) (holding that an
appellant who makes such a challenge must make a prima facie showing that the trial
judge did not take the required oaths before we will consider the issue on the merits). 
The burden is on the moving party to overcome the presumption. Id. 
          In this case, the only evidence produced by Murphy to overcome this
presumption is a letter from the Texas Secretary of State, Gwyn Shea, certifying that
a diligent search of the records of that office failed to produce a Statement of Officer
or an Oath of Office for Carmona as judge of the 405th Judicial District. This is
insufficient evidence for Murphy to meet his burden on this issue. In order to
determine whether Carmona filed his required oaths of office after retirement, we
would need to know the date upon which he retired. We find nothing in the record
to indicate when Carmona retired; therefore, we cannot determine whether he signed
an oath of office after such date.
          Murphy further argues that the Statement of Elected/Appointed Officer is
defective because it does not refer to any particular office or position and because the
oath was signed before Carmona’s appointment to the 405th District Court. We find
these arguments to be without merit. Murphy has not cited any legal authority for this
argument. An issue not supported by legal authority is waived. Fredonia State Bank
v. Gen. Am. Life Ins. Co., 881 S.W.2d 279, 284 (Tex.1994). 
          We overrule Murphy’s first issue.
Motion to Set Aside Judgment
          In his second point of error, Murphy contends that the trial court erred by
failing to grant his motion to set aside the no-evidence summary judgment. He
argues that the presiding judge should have found that the visiting judge acted
without authority and granted his motion to set aside the summary judgment. We
disagree.
          Murphy cites no legal authority for this point of error on appeal. Murphy’s
brief “must contain a succinct, clear, and accurate statement of the arguments made
in the body of the brief.” Tex. R. App. P. 38.1(g). Rule 38 requires Murphy to
provide us with such discussion of the facts and the authorities relied upon as may be
requisite to maintain the point at issue. Id. at (h); see also Tesoro Petroleum Corp.
v. Nabors Drilling USA, Inc., 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.]
2002, pet. denied). This is not done by merely uttering brief conclusory statements,
unsupported by legal citations. Tesoro, 106 S.W.3d at 128. By presenting such
attenuated, unsupported argument, Murphy has waived his complaints. See Fredonia,
881 S.W.2d at 284. 
          We overrule Murphy’s second issue.
Summary Judgment Proof
          In point of error three, Murphy contends that Countrywide lacked standing to
be awarded relief in the foreclosure action against him because Countrywide was
unable to show that it owned or possessed the promissory note entitling it to
foreclosure. Essentially, Murphy is complaining that Countrywide did not provide
sufficient evidence to support its traditional motion for summary judgment on the
issue of possession. We disagree.
Standard of Review
          Summary judgment is proper only when the movant establishes that there are
no genuine issues of material fact to be decided and it is entitled to judgment as a
matter of law. See Tex. R. Civ. P. 166a(c); Nixon v. Mr. Prop. Mgmt. Co., 690
S.W.2d 546, 548 (Tex. 1985). To be entitled to summary judgment as a plaintiff, a
movant must prove each element of its claim as a matter of law. See Nixon, 690
S.W.2d at 548. In deciding whether a disputed material fact exists, we accept as true
evidence favorable to the non-movant and indulge every reasonable inference and
resolve any doubt in the non-movant’s favor. Id. at 548-49. 
          Here, the only remaining issue to be disposed of in the final summary judgment
was the issue of possession of the property. Countrywide contended in its motion that
no genuine issue of material fact remained as to the issue of possession and that it was
entitled to possession because it was able to prove all of the elements under the
forcible detainer theory of recovery.  
          Forcible detainer occurs when a person refuses to surrender possession of real
property upon a statutorily sufficient demand for possession if that person is: (1) a
tenant or subtenant willfully and without force holding over after his right of
possession ends, (2) a tenant at will or by sufferance, or (3) a tenant of someone who
acquired possession by forcible entry. Tex. Prop. Code Ann. § 24.002 (Vernon
2000). Generally, an occupant of the property holding over after execution of a deed
is considered a permissive tenant whose right to possession is inferior to that of the
party holding title. See Tex-Wis Co. v. Johnson, 534 S.W.2d 895, 899 (Tex. 1976). 
To establish forcible detainer and prevail on its motion for summary judgment,
Countrywide had to establish the following as a matter of law: (1) Countrywide was
the owner, (2) Murphy was an occupant at the time of foreclosure, (3) the foreclosure
was of a lien superior to Murphy’s right to possession, (4) Countrywide made a
statutorily sufficient written demand for possession, and (5) Murphy refused to leave. 
See Tex. Prop. Code Ann. § 24.002; Goggins v. Leo, 849 S.W.2d 373, 377 (Tex.
App.—Houston [14th Dist.] 1993, no writ). 
          In its motion for summary judgment, Countrywide alleged that Murphy
defaulted on his mortgage payments and failed to make payment even after notices
of acceleration and demand notices were served on him. A substitute trustee’s sale
was held and Countrywide purchased the property and received a substitute trustee’s
deed. This deed, which transferred title to Countrywide, and an affidavit of mortgage
were filed in the Galveston County real property records. Countrywide then gave
Murphy written notice to vacate the property. Murphy refused to vacate and
unlawfully remained in possession of the property. 
          As summary judgment evidence for the element of ownership, Countrywide
attached its substitute trustee’s deed and an affidavit of mortgage. To establish that
Murphy was the occupant at the time of foreclosure, Countrywide attached a certified
copy of the deed of trust. To establish that it had a lien that was superior to Murphy’s
right to possession, Countrywide relied on the deed of trust and the substitute
trustee’s deed. And to establish that it made a demand for possession, Countrywide
relied on the notice to vacate. The fact that Murphy refused to surrender possession
is uncontested. 
          In his response to Countrywide’s summary judgment, Murphy complains that
the substitute trustee’s deed, affidavit of mortgage, and deed of trust are not
admissible as evidence because they are not authenticated. Murphy questions the
certification of these documents by saying that a court file stamp is not enough to
prove proper authentication. Rule 902(4) of the Texas Rules of Evidence allows for
the self-authentication of certified copies of public records. See Tex. R. Evid. 902(4). 
The deed of trust, substitute trustee’s deed, and affidavit of mortgage in this case all
contain file stamps which indicate that they have been filed in the Galveston County
real property records as official public records. Therefore, we hold these documents
to be self-authenticated. See id. 
          Murphy further complains that Countrywide’s evidence is insufficient because
the substitute trustee’s deed shows the owner of the property to be Federal Home
Loan Mortgage Corporation (“Federal”) and not Countrywide. Countrywide attached
the business records affidavit of Jack O’Boyle, Federal’s attorney, to authenticate the
notice to vacate. The notice to vacate affirmatively names Countrywide as the
authorized servicing agent for Federal. Murphy offered no evidence to contradict this
statement. Murphy did, however, attach exhibits to his response motion. The
attachments consisted of a copy of the original promissory note, a cover letter
purporting to transfer the original note to First Chicago National Processing
Corporation, and Murphy’s personal affidavit attesting to the validity of the attached
documents. These exhibits do not constitute evidence rebutting the issue of
possession. 
          Finally, Murphy contends that the documents used by Countrywide as summary
judgment evidence are “products of a void illegal defective fraudulent procedure” 
because Countrywide failed to prove it had authority to foreclose. However, rule 746
of the Texas Rules of Civil Procedure does not require Countrywide to prove title. 
To prevail in a forcible detainer action, Countrywide need only show sufficient
evidence of ownership to demonstrate a superior right to immediate possession. Tex.
R. Civ. P. 746; Goggins, 849 S.W.2d at 377. Murphy’s allegations concerning the
propriety of the foreclosure or challenges to Countrywide’s deed or title to the
property cannot be considered in this action. Tex. R. Civ. P. 746; Goggins, 849
S.W.2d at 377. 
          Countrywide established the elements of its forcible detainer cause of action
when it showed: (1) it bought the property at a foreclosure sale, (2) Murphy occupied
the property at the time of foreclosure, (3) the foreclosure was of a lien superior to
Murphy’s right to possession, (4) Countrywide made a statutorily proper demand for
possession with its notice to vacate, and (5) Murphy refused to surrender possession. 
The evidence sufficiently established Countrywide had an immediate right to
possession, and Murphy’s evidence did not raise a material issue of fact that would
bar the granting of summary judgment. See Tex. Prop. Code Ann. § 24.002;
Goggins, 849 S.W.2d at 377. The trial court did not err in granting summary
judgment in favor of Countrywide.
          We overrule Murphy’s third issue.
Conclusion
          We affirm the judgment of the trial court. All pending motions are hereby
denied.                                                                                                               
                                                                        George C. Hanks, Jr.
                                                                        Justice
 
Panel consists of Justices Taft, Keyes, and Hanks.