Affirmed and Memorandum Opinion filed October 2, 2007








Affirmed and Memorandum Opinion filed October 2, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00491-CV

____________

 

ROBERT LEE ARMSTRONG, JR., Appellant

 

V.

 

EDDIE MAE HARRIS, Appellee

 



 

On Appeal from the County
Court at Law No. 1

Galveston County, Texas

Trial Court Cause No. 54,180

 



 

M E M O R A N D U M   O P I N I O N

In a single issue, appellant Robert Lee Armstrong, Jr.
challenges the legal and factual sufficiency of the evidence to support the
trial court=s finding in favor of appellee Eddie Mae Harris in her
forcible detainer action.  We affirm. 

I.  Factual and Procedural Background








On February 1, 2005, Harris and Armstrong executed a
contract in which Armstrong agreed to purchase a residence Harris owned in
Hitchcock, Texas for $40,000 plus six percent annual interest.  The contract
and accompanying financing addendum provided the following: 

$                  
Harris would
owner-finance the sale pursuant to a promissory note that was Asecured by vendor=s and deed of trust liens.@ 

$                  
The note would
be payable by Armstrong in 120 installments of $534 Abeginning 01 February 2005 . . .
and continuing at monthly intervals thereafter for 10 years when the balance on
the Note will be due and payable.@  

$                  
The note would
contain a five percent late fee provision for any installment not paid within
ten days of the Adue date,@ which was not expressly defined.  


$                  
Upon the
closing date, Aon or before February 1, 2015,@ Armstrong would pay the ASales Price@ and Harris would Aexecute and deliver a general
warranty deed conveying title to the Property to [Armstrong].@ 

$                  
Pursuant to an Aacceleration clause,@ if Armstrong Amisse[d]@ two months of payments, Harris
would foreclose and all payments will be treated as A[r]ent.@

$                  
Armstrong must
pay property taxes and Insurance.

$                  
AAny possession by [Armstrong] prior
to closing or by [Harris] after closing which is not authorized by a written
lease will establish a tenancy at sufferance relationship between the parties.@

Neither
party ever executed a promissory note pursuant to the sales contract. 








The primary disputes in this appeal include (1) whether the
contract required payment due on the first of each month, (2) whether time was
of the essence of the contract, and (3) thus whether Armstrong Amisse[d]@ two monthly
payments under the acceleration clause by making them beyond the first of the
month, thereby defaulting under the contract and committing forcible detainer
after refusing to surrender possession of the property.  As payment for the
February 2005 installment, Harris testified that Armstrong tendered only $150 two
to three weeks after February 1, which she accepted.[1] 
As payment for the August 2005 installment, Armstrong tendered $200 on August
15,[2]
$300 on August 23, and $34 on August 31.  With the August 15 payment, Armstrong
included a handwritten note addressed to Harris describing the payment as Alate.@  Harris accepted
each of these payments.  Armstrong then similarly failed to make the September
2005 installment payment on September 1.  Thereafter, on September 6, Harris=s daughter,
Shirley Louis, sent a letter to Armstrong informing him that she would now
collect payments for Harris under the agreement and stating that, as of
September 1, Harris would charge a $50 late fee for all payments received after
the fifteenth of the month and $10 per day Auntil the note is
caught up.@  Louis specified that payments Aha[d] to be in my
mail box on or before the 15th of each month.@  

Thereafter, at some point in early to middle October, Armstrong
tendered payment to Louis for the October installment but did not include any
payment for the September 2005 installment or any late fees allegedly incurred
pursuant to Louis=s September 6 letter.  On October 21,
Louis sent Armstrong a Anotice of acceleration@ pursuant to the
contract=s acceleration
clause, in which Louis stated she was returning Armstrong=s Apartial payment@ and that
Armstrong had Amissed [the] September payment and [the] October
payment Late fees [were] $50.00 plus $10.00 a day for 45 days as of October 31,
2005.@  Louis further
asserted that AHarris . . . will [only] accept from you . . . the
balance of what is owed on the house . . . due by November 1, 2005.@  








Although the record does not reveal the exact date,
Armstrong thereafter attempted to make the September and October payment.  On
October 31, Harris sent Armstrong a three-day notice to vacate the premises.[3] 
On November 6, 2005, Louis sent Armstrong a handwritten note returning his
money orders and stating that he was Anow 3 months
behind plus all late fees@ and that Harris Ais now asking that
you vacate [the property].@ 

On November 29, Harris
filed suit against Armstrong in justice court alleging that he committed
forcible detainer by Afailing to pay house notes for the
period beginning the 1st day of September, and running through [November 29]@ and specifying that Armstrong
breached the real estate sales contract by Anot paying as agreedCin default of payment.@  Harris sought possession of the property, back rent for
$2,136, Adaily rentals that may accrue
between the time of filing [the] petition and [Armstrong] vacates the . . .
premises,@ and $600 in late fees Athru November 2005 and $10.00
thereafter.@  On December 6, Armstrong tendered
the full payment for the September, October, and November installments, which
Harris characterized as Arent@ payments pursuant to the sales contract=s acceleration clause.  The justice
court subsequently entered a default judgment against Armstrong on December 19
for his failure to appear.  Armstrong thereafter appealed to the County Court
at Law No. 1 of Galveston County.  Following a trial de novo,[4]
the county court found that Armstrong committed forcible detainer, granted
Harris a writ of possession on the property, and awarded her past due rent to
the date of trial, attorney=s fees of $1,600, and costs.  The county court made the following
relevant findings of fact and conclusions of law:

 

$                  
Armstrong
failed to pay as required on August 1, September 1, October 1, and November 1
of 2005.

$                  
Harris gave
notice to vacate on October 31, 2005.

$                  
All payments on
the property after August 1, 2005 constituted rent payments.








$                  
Armstrong did
not pay taxes due for 2005 and did not furnish proof of insurance.

$                  
All rent
payments were due to Harris by April 11, 2006.

This
appeal followed.

II.  Standard of Review

In reviewing a trial court=s findings of fact
for legal and factual sufficiency, we apply the same standards that we apply in
reviewing jury findings.  Ulmer v. Ulmer, 130 S.W.3d 294, 299 (Tex. App.CHouston [14th
Dist.] 2004, no pet.).  In a legal sufficiency or no-evidence review, we
determine whether the evidence would enable reasonable and fair‑minded
people to reach the finding under review.  See City of Keller v. Wilson,
168 S.W.3d 802, 827 (Tex. 2005).  In conducting this review, we credit favorable
evidence if reasonable factfinders could and disregard contrary evidence unless
reasonable factfinders could not.  See id.  We must consider the
evidence in the light most favorable to the finding under review and indulge
every reasonable inference that would support it.  See id. at 822.  We
must, and may only, sustain no-evidence points when either the record reveals a
complete absence of evidence of a vital fact, the court is barred by rules of
law or of evidence from giving weight to the only evidence offered to prove a
vital fact, the evidence offered to prove a vital fact is no more than a mere
scintilla, or the evidence establishes conclusively the opposite of the vital
fact.  Id. at 810.  Evidence is no more than a scintilla when it is so
weak as to do no more than create a mere surmise or suspicion of its
existence.  Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004). 
The factfinder is the sole judge of the credibility of the witnesses and the
weight to give their testimony.  See City of Keller, 168 S.W.3d at 819. 








In a factual sufficiency review, we consider all the
evidence supporting and contradicting the finding.  Plas‑Tex, Inc. v.
U.S. Steel Corp., 772 S.W.2d 442, 445 (Tex. 1989).  We set aside the
finding only if the finding is so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust.  See Cain v. Bain, 709
S.W.2d 175, 176 (Tex. 1986). 

III.  Analysis

The thrust of Armstrong=s legal and
factual sufficiency complaint is that the evidence fails to support the trial
court=s finding that he
committed forcible detainer.  A forcible detainer suit is an action to
determine the right to immediate possession of real property where there was no
unlawful entry.  See Rice v. Pinney, 51 S.W.3d 705, 709 (Tex. App.CDallas 2001, no
pet.).  The only issue in such an action is the right to actual possession of
the property, and the merits of title may not be adjudicated.  See Tex. R. Civ. P. 746.  AA person who
refuses to surrender possession of real property on demand commits a forcible
detainer if the person . . . is a tenant or a subtenant wilfully and without
force holding over after the termination of the tenant=s right of
possession . . . .@  Tex.
Prop. Code Ann. ' 24.002(a)(1) (Vernon 2000).[5] 
A notice to vacate constitutes a demand for possession in this context.  See
id. ' 24.005(h).  Thus,
to prevail in a forcible detainer action, a plaintiff is not required to prove
title but is only required to show sufficient evidence of ownership to
demonstrate a superior right to immediate possession.  See Rice, 51
S.W.3d at 709; Goggins v. Leo, 849 S.W.2d 373, 377 (Tex. App.CHouston [14th
Dist.] 1993, no writ). 








Specifically, Armstrong challenges the trial court=s findings that he
defaulted under the contract by failing to make payments on August 1 through November
1, 2005 Aas required,@ which gave rise
to Harris=s foreclosure and acceleration of the contract
pursuant to the acceleration clause and her subsequent action for forcible
detainer upon his failure to surrender possession of the property.  Armstrong
argues that the evidence is insufficient to establish that he defaulted under
the contract=s acceleration clause by Amiss[ing]@ two installment
payments because (1) the contract did not have a specific due date for
payments, and he attempted to make full payment for September and October, (2)
time was not expressly or impliedly made of the essence of the contract, and
(3) Harris=s attempt to impose a due date on the fifteenth of the
month via Louis=s September 6 letter constituted an
invalid unilateral modification to the contract.

We disagree with Armstrong=s assertions and
conclude that there is legally and factually sufficient evidence to support the
trial court=s findings.  First, the evidence supports the court=s express finding
that payments were due on the first of the month.  The contract provision
stating that the note would require payments of 120 installments of $534 Abeginning 01
February 2005 . . . and continuing at monthly intervals thereafter for 10 years@ contemplates a
due date on the first of the month.  Moreover, Armstrong himself described his
August 15 payment as Alate@ in his letter to
Harris.  








Second, the evidence supports the court=s implied finding
that time was impliedly of the essence of the contract.  Ordinarily, time is
not of the essence in contracts.  See Kennedy Ship & Repair, L.P. v.
Pham, 210 S.W.3d 11, 19 (Tex. App.CHouston [14th
Dist.] 2006, no pet.).  Moreover, a date stated for performance does not mean
time is of the essence.  Id.  Instead, the contract must expressly make
time of the essence or there must be something in the nature or purpose of the
contract and the circumstances surrounding it making it apparent that the
parties intended that time be of the essence.  Id.  Unless the contract
expressly makes time of the essence, the issue is a question of fact.  Id. 
Although not conclusive, the first of the month due date in the contract
constitutes some evidence that time was of the essence.  See Builders Sand,
Inc. v. Turtur, 678 S.W.2d 115, 118 (Tex. App.CHouston [14th
Dist.] 1984, no writ) (holding that designation of a particular date for
performance is some indication that time is of the essence).  Additionally,
while there was evidence that Harris accepted some late payments, she testified
that she told Armstrong from the outset and repeatedly thereafter that she would
not accept partial or late payments because she needed his house payments to
pay her own house note on time.  As such, based upon all the evidence in the
record, we find sufficient evidence that the parties intended time to be of the
essence.[6] 
See Pham, 210 S.W.3d at 19; see, e.g., Turtur, 678
S.W.2d at 118B19 (finding sufficient evidence that time was of
essence of contract for sale of land where contract provided that Aclosing will be
within seven (7) days of this contract@ and appellee
testified that he told other parties in transaction that it was important to
close promptly in order to secure price offered and because appellee was
leaving for vacation and had many things to take care of before departure). 








Because it is undisputed that Armstrong failed to make the
September payment on the first of the month, and he concedes he paid the
October payments in the Amiddle@ of October, the
evidence establishes that Armstrong Amisse[d]@ two monthly
payments under the contract=s acceleration clause, thereby triggering
a foreclosure and acceleration by Harris and entitling her to possession of the
property.  The evidence further establishes that, upon Harris=s demand for
possession via the notices to vacate, Armstrong failed to surrender possession,
which subject him to liability for forcible detainer.  Accordingly, under these
circumstances, we conclude that the evidence would enable reasonable and fair‑minded
people to reach the trial court=s findings regarding forcible detainer and
that such findings are not so contrary to the overwhelming weight of the
evidence as to be clearly wrong and unjust. 

We therefore overrule Armstrong=s sole issue and
affirm the trial court=s judgment. 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered and Memorandum
Opinion filed October 2, 2007.

Panel consists of Justices Yates,
Seymore, and Edelman.*

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

*   Senior Justice Richard H.
Edelman sitting by assignment.









[1]  However, the record contains correspondence from
Harris to Armstrong noting that he paid the February installment in full at
some point.





[2]  The record contains conflicting documentation as to
whether Armstrong made the first August payment on August 15 or 18.  





[3]  Armstrong claims he sent the September and October
payments to Louis after receiving the October 21 notice of acceleration and
before receiving the October 31 notice to vacate.  However, nothing in the
record supports this assertion, and the record contains only two money orders
purportedly for September and October payments that are dated November 4,
2005.  





[4]  The record reveals that the county court originally
entered a default judgment against Armstrong for his failure to appear. 
However, he thereafter timely filed a motion for new trial, which the county
court granted, and the case proceeded to a non-jury trial de novo before the
county court on April 11, 2006.  





[5]  Harris classifies Armstrong as a tenant at
sufferance, rather than a holdover tenant, based upon his refusal to surrender
possession of the land.  See ICM Mortgage Corp. v. Jacob, 902 S.W.2d
527, 530 (Tex. App.CEl Paso 1994, writ denied) (noting that a tenant at
sufferance is one who wrongfully continues in possession of property after his
right to possession has ceased and does not assert a claim to superior title). 
Although the contract invokes tenancy at sufferance language, the provision at
issueCthe acceleration clauseCdoes not and speaks only in terms of Arent.@  In any case, because whether Armstrong constituted a
tenant at sufferance or a holdover tenant will not affect the outcome of this
appeal, we need not address this issue.  See generally McLain v. Lamb,
No. 07‑95‑0251‑CV, 1996 WL 721954, at *5 n.6 (Tex. App.CAmarillo Dec. 16, 1996, writ denied) (not designated
for publication) (noting the similarities between holdover tenants and tenants
at sufferance and that the law of holdover tenants is instructive in issues
regarding tenants at sufferance).  

 





[6]  We acknowledge that a time of the essence provision
may be waived.  See Pham, 210 S.W.3d at 20.  However, Armstrong did not
present this argument to the trial court or to this court.  See Tex. R. App. P. 33.1(a).