Affirmed and Memorandum Opinion filed May 27, 2010.

 

In The

 

Fourteenth Court of
Appeals

___________________

 

NO. 14-09-00100-CV

___________________

 

John F. Heard Jr. and Janet F. Heard A.K.A.
J.L. Flippin, Appellants

 

V.

 

Mingyi Chowwang, Appellee



 



 

On
Appeal from the County Court at Law No. 1

Harris County,
Texas



Trial Court Cause No. 928312

 



 

 

MEMORANDUM  OPINION

            In this forcible detainer case, the appellants assert
that the trial court lacked subject-matter jurisdiction because the county
court could not determine which party had the superior right to immediate
possession of the premises without first resolving a title dispute.  They
additionally contend that the trial court erred in awarding attorneys’ fees
because the prevailing party did not plead for their recovery or prove the
amount to be awarded.  We conclude that (1) the trial court properly
exercised jurisdiction without adjudicating title, (2) entitlement to
attorneys’ fees was tried by consent, and (3) the reasonableness of the
attorneys’ fees was undisputed.  We therefore affirm the trial court’s
judgment.

I.  Factual
and Procedural Background

            In
1998, John and Janet Heard owned a residence at 209 Kensington Court, Houston,
Texas; the residence was subject to a mortgage.  In 2001 and 2004, the federal
government recorded notices of tax liens against the property, and in 2006, the
mortgagee began foreclosure proceedings.  The foreclosure was stayed during
bankruptcy proceedings, but resumed in the summer of 2007.  On or about August
7, 2007, Kensington Premium Holdings, L.L.C. purchased the property for
$925,000, secured by a promissory note and deed of trust to Westfund, L.L.C.  Effective
August 1, 2007, Kensington leased the property to the Heards for one year and
assigned the rental payments to Westfund.  

            On
November 28, 2007, the federal government recorded a certificate of redemption. 
The certificate is dated October 26, 2007, and contains a recital that the
United States redeemed the property by paying Kensington $943,246.  Mingyi
Chowwang[1]
and Ying Chai Chowwang then purchased the property from the government at a
public auction on January 28, 2008 for $1.63 million.  The government conveyed
the property to the Chowwangs using a quitclaim deed, which was recorded on
March 10, 2008.

            Mingyi
Chowwang’s attorney wrote to the Heards on July 23, 2008 and demanded that they
vacate the property within three days if they were not current with their
rental payments under a valid lease.  Chowwang’s attorney further informed the
Heards that if they provided proof that they had been timely paying rent under
a valid lease throughout the time since the foreclosure, then they would have thirty
days in which to sign a contract with Chowwang or vacate the premises.  The
record does not show that such evidence was produced.

            On
August 7, 2008, Chowwang filed a petition in the justice court for forcible
detainer.  The justice court ruled in Chowwang’s favor, and the Heards appealed
to the county court at law.  On January 15, 2009, the county court entered
judgment awarding possession and $3,269 in attorneys’ fees to Chowwang.  At the
Heards’ request, the county court also signed findings of fact and conclusions
of law.  This appeal ensued.

II.  Issues

            In
their first issue, the Heards argue that the trial court lacked jurisdiction
over this action because it was necessary to adjudicate title in order to
determine which party had a superior right to immediate possession.  In their
second issue, they contend that the trial court erred in awarding Chowwang
attorneys’ fees because such fees were neither pleaded nor proved.  

III.  Analysis

A.        Governing
Law

            Whether
a trial court has subject-matter jurisdiction is a question of law which we
review de novo.  Tex. Natural Res. Conservation Comm’n v. IT-Davy,
74 S.W.3d 849, 855 (Tex. 2002).  A justice court in the precinct in which the
property is located has original jurisdiction in forcible detainer suits.  Tex. Prop. Code Ann. § 24.004 (Vernon
2000).  It lacks jurisdiction, however, over suits to try title.  Tex. Gov’t Code Ann. § 27.031(b)(4)
(Vernon 2004 & Supp. 2009); Tex. R.
Civ. P. 746.  

            The
sole issue in a forcible detainer action is which party has the right to
immediate possession of the property.  Rice v. Pinney, 51 S.W.3d 705,
709 (Tex. App.—Dallas 2001, no pet.).  To prevail in a forcible detainer
action, a plaintiff is not required to prove title, but must only present
sufficient evidence of ownership to demonstrate a superior right to immediate
possession.  Salaymeh v. Plaza Centro, LLC, 264 S.W.3d 431, 435 (Tex. App.—Houston
[14th Dist.] 2008, no pet.); Rice, 51 S.W.3d at 709; Goggins v. Leo,
849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ).  In such an
action, the merits of title are not adjudicated.  Tex. R. Civ. P. 746.  

            The
justice court’s judgment may be appealed to the county court.  Tex. R. Civ. P. 749.  Although the appeal
proceeds as a trial de novo,[2]
the county court’s appellate jurisdiction is no greater than that of the
justice court.  Rice, 51 S.W.3d at 708–09.  Thus, a county court cannot
adjudicate title in an appeal from a justice court’s judgment in a forcible
detainer suit.  Id.  And if a question of title is so intertwined with
the issue of possession as to preclude adjudication of the right to possession
without first determining title, neither the justice court nor the county court
on appeal has jurisdiction.  Terra XXI, Ltd. v. AG Acceptance Corp., 280
S.W.3d 414, 417 (Tex. App.—Amarillo 2008, pet. denied).  In most cases, however,
the right to title can be determined separately from the right to immediate
possession.  Rice, 51 S.W.3d at 710.  

B.        Right
to Possession

            The
Heards contend that the county court lacked subject-matter jurisdiction because
the adjudication of the detainer action necessarily required it to resolve the
title dispute.  We addressed an analogous issue in Goggins v. Leo, supra. 
There, Leo purchased property at a tax sale and brought a forcible detainer
action against the former owner’s tenant.  Goggins, 849 S.W.2d at 375.  The
tenant appealed the adverse judgment and argued, inter alia, that Leo failed
to prove up title.  Id. at 377.  We explained that one who purchases a
property at a tax sale “need not prove up title, but need only show sufficient
evidence of ownership to demonstrate a superior right to immediate
possession.”  Id.

            Contrary
to the Heards’ argument, it was not necessary for the trial court to resolve a
title dispute, because Chowwang could demonstrate a superior right to immediate
possession by producing evidence that (1) Chowwang is the owner; (2) the
Heards were tenants at will or by sufferance,[3]
which includes a person who occupies real property “at the time of foreclosure
of a lien superior to the tenant’s lease”;[4]
(3) the foreclosure was of a lien superior to the Heards’ lease;[5] (4) Chowwang
demanded possession; and (5) the Heards refused to leave.  See Goggins.
849 S.W.2d at 377.  Chowwang did produce such evidence, and the Heards do
not challenge its legal or factual sufficiency but argue that their lease was
superior to Chowwang’s deed. 

The federal tax liens
were recorded in 2001 and 2004.  Kensington did not purchase the property until
2007.  Kensington took the property subject to those tax liens.  The lease with
the Heards was therefore subject to the tax liens also. See 26 U.S.C.
§§ 6321–6323 (2006) (providing that, with exceptions inapplicable here, a
federal tax lien arises when the tax is assessed and upon recordation, has
priority over all subsequent liens).  Chowwang acquired the IRS’s superior
interest in the property, through the redemption process and quitclaim deed.  Therefore,
Chowwang’s interest is superior to Kensington’s interest and the Heards’ lease.
 See United States v. Bess, 357 U.S. 51, 57, 78 S. Ct. 1054, 1058, 2 L. Ed. 2d 1135
(1958) (the transfer of property after the attachment of the lien does not
affect the lien).[6]  

The Heards also argue
that “title is still in Kensington” because (1) Kensington gave Westfund a
deed of trust, (2) the government did not pay Westfund, and (3) the
government conveyed title to Chowwang using a quitclaim deed.  The IRS
redemption from Kensington and its deed to Chowwang establish Chowwang’s
superior right to possession.  As the Heards previously pointed out, the
justice court lacked jurisdiction to adjudicate title, and the county court’s
appellate jurisdiction was no greater than that of the justice court.  If
Kensington wishes to contest the IRS redemption, it can do so in another court
proceeding.  This lawsuit only determined the right to possession.  We
therefore overrule the Heards’ first issue.  

C.        Attorneys’
Fees

            In
their second issue, the Heards correctly point out that all claims for relief
must be pleaded,[7]
and Chowwang did not plead for attorneys’ fees.  We note, however, that when
this case was submitted for nonjury trial, the trial court stated on the record
that Chowwang was “asking for attorney’s fees.”  See Tex. Prop. Code Ann. § 24.006(a),
(b) (in a forcible detainer action, a landlord who complies with statutory
notice provisions is eligible to recover attorneys’ fees).  The court then
asked Chowwang’s counsel, “How much are you asking for in attorney’s fees?” 
Chowwang’s attorney responded, “$3,269.”  The trial court subsequently asked
the Heards’ trial counsel, “[D]o you contest that in the event that you do not
prevail, but the other side prevails, that $3,269 would be a reasonable
attorney’s fees?”  See Tex. R.
Civ. P. 301 (“The judgment of the court shall conform to the pleadings,
the nature of the case proved and the verdict, if any, and shall be so framed
as to give the party all the relief to which he may be entitled either in law
or equity.”).  The Heards’ attorney answered, “I do not.”

            Based
on this record, we conclude that the issue was tried by consent and that the
Heards waived any complaint about the amount of fees.   See Tex. R. Civ. P. 67 (“When issues not
raised by the pleadings are tried by express or implied consent of the parties,
they shall be treated in all respects as if they had been raised in the
pleadings.”).  We overrule the
Heards’ second issue.

IV.  Conclusion

            Because
the county court acted within its jurisdiction in awarding Chowwang possession
of the property and its award of attorneys’ fees is supported by the record, we
affirm the trial court’s judgment.

 

                                                                                    

                                                                        /s/        Tracy
Christopher

                                                                                    Justice

 

 

 

 

Panel consists of Chief
Justice Hedges and Justices Anderson and Christopher.

 









[1] In some documents, this
name appears as “Ming Yi Chowwang.”





[2] Tex. R. Civ. P. 751.





[3] A tenant at sufferance
“is merely an occupant in naked possession after his right to possession has
ceased.”  Id. (citing Black’s Law
Dictionary 1314 (5th ed. 1979)).





[4] Tex. Prop. Code Ann. § 24.002(a)(2).





[5] See Rankin v. Scott,
25 U.S. 177, 179, 6 L. Ed. 592 (1827) (“The principle is believed to be
universal, that a prior lien gives a prior claim, which is entitled to prior
satisfaction, out of the subject it binds, unless the lien be intrinsically
defective, or be displaced by some act of the party holding
it . . . .”); World Help v.
Leisure Lifestyles, Inc., 977 S.W.2d 662, 668 (Tex. App.—Fort Worth 1998,
pet. denied) (“In a contest over rights or interests in property, ordinarily
the party that is first in time is first in right.”).  





[6] Moreover,
the lease expired before Chowwang filed suit, and under the terms of the
lease, the Heards were “considered to be occupying the premises on a
month-to-month tenancy.”





[7] See Tex. R. Civ. P. 47.