

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-19-00076-CV

Paloma **HERNANDEZ**,
Appellant

v.

Eva **MARTINEZ**,
Appellee

From the County Court at Law No. 3, Bexar County, Texas
Trial Court No. 2018CV08551
Honorable David J. Rodriguez, Judge Presiding

Opinion by:     Sandee Bryan Marion, Chief Justice

Sitting:        Sandee Bryan Marion, Chief Justice
                Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice, concurring in the judgment only

Delivered and Filed: October 30, 2019

REVERSED AND RENDERED

Appellant Paloma Hernandez ("Hernandez") files this appeal from a judgment in a forcible detainer action. Because we conclude the trial court lacked jurisdiction to render judgment of possession, we reverse and render judgment that this suit be dismissed for lack of subject matter jurisdiction.

**Background**

Appellee Eva Martinez initiated this forcible detainer action in the justice court, seeking the right to immediate possession of real property located in San Antonio. After the justice court ruled in Martinez's favor, Hernandez appealed to the trial court.

The trial court held a bench trial on January 31, 2019. Prior to trial, Hernandez filed a pro se letter stating: "I consider myself with the right to stay in the house since I have given maintenance and I have been living there and paying the property taxes of the house for 10 years." During the trial, Hernandez testified: ". . . I don't pay rent because Mr. Ave Coronado left me the house. . . . And practically I see that as my house because I have been living there for 10 years or more than 10 years."

At the conclusion of the trial, the trial court entered judgment of possession in favor of Martinez. On February 5, 2019, Hernandez filed a plea to the jurisdiction, arguing the trial court lacked jurisdiction over the suit because Hernandez claimed title to the real property by adverse possession and has "actually, adversely, and openly possess[ed]" the real property for ten years. The record does not reflect that the trial court had an opportunity to consider or rule on the plea to the jurisdiction before Hernandez perfected this appeal and posted a supersedeas bond.

**Jurisdiction**

In the first of three issues she raises on appeal, Hernandez argues the trial court lacked jurisdiction to award Martinez possession of the real property because Hernandez raised an issue of title by adverse possession.

**A.      Standard of review**

Whether the trial court had subject matter jurisdiction is a question of law we review de novo. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). The parties cannot waive subject matter jurisdiction and may raise it for the first time on appeal. *Tex. Ass'n of*

*Bus. v. Tex. Air Control Bd.*, 852 S.W.2d 440, 445 (Tex. 1993). Where jurisdiction is raised for the first time on appeal, we must construe the pleadings and the record in favor of the party asserting jurisdiction. *Rusk State Hosp. v. Black*, 392 S.W.3d 88, 96 (Tex. 2012). If the pleadings or the record conclusively negate jurisdiction, then the suit should be dismissed. *Id.*

**B.        Analysis**

Justice courts and county courts on appeal de novo have jurisdiction to determine the right to immediate possession in a forcible detainer suit. *Dormady v. Dinero Land & Cattle Co., L.C.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (citing TEX. PROP. CODE ANN. § 24.004). To prevail in a forcible detainer, the plaintiff need not prove title but must show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Id.* (citing *Goggins v. Leo*, 849 S.W.2d 373, 377 (Tex. App.—Houston [14th Dist.] 1993, no writ)). Where the right to immediate possession necessarily requires resolution of a title dispute, however, neither the justice court nor the county court on appeal has jurisdiction. *Id.* at 557–58.

Where, as here, a party raises an issue of adverse possession, determining the right to immediate possession necessarily requires resolving a title dispute. *Gibson v. Midstream Servs., L.P.*, 138 S.W.3d 518, 824 (Tex. App.–Fort Worth 2004, no pet.); *Gentry v. Marburger*, 596 S.W.2d 201, 203 (Tex. Civ. App.—Houston [1st Dist.] 1980, writ ref'd n.r.e.). Because Hernandez raised an issue of adverse possession in her pro se letter to the trial court, in her trial testimony, and in her post-trial plea to the jurisdiction, the record conclusively negates the justice court's and the trial court's subject matter jurisdiction. *See Dormady*, 61 S.W.3d at 557–58. Accordingly, construing the record in favor of Martinez, we conclude the trial court lacked subject matter jurisdiction and sustain Hernandez's first issue.

**Conclusion**

Because we sustain Hernandez's first issue on the basis that the trial court lacked jurisdiction to render judgment for immediate possession, we reverse the trial court's judgment and render judgment that the underlying suit be dismissed for lack of subject matter jurisdiction. We need not reach Hernandez's second and third issues.

Sandee Bryan Marion, Chief Justice