NO. 07-10-00148-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

JANUARY 20, 2011

———————————————

SHERRI CLARKSON, JOSEPH CLARKSON AND/OR ALL
OTHER OCCUPANTS OF 2 REMINGTON COURT,
RED OAK, TX 75154, APPELLANTS

v.

DEUTSCHE BANK NATIONAL TRUST COMPANY, AS
TRUSTEE OF THE INDYMAC IMSC MORTGAGE
TRUST 2007-HOA1, MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2007-HOA1 UNDER
THE POOLING AND SERVICING AGREEMENT
DATED JUNE 1, 2007, APPELLEE

———————————————

FROM THE COUNTY COURT AT LAW NO. 1 OF ELLIS COUNTY;

NO. 09-C3855; HONORABLE GREG WILHELM, JUDGE

———————————————

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

**OPINION**

Appellants, Sherri Clarkson, Joseph Clarkson, and all other occupants of 2 Remington Court, Red Oak, Texas 75154, appeal from the ruling of the trial court in a forcible detainer action granting possession of the property at issue to appellee, Deutsche Bank. Appellants contend, through three issues, that the trial court erred in granting possession to Deutsche Bank because: 1) Deutsche Bank did not comply with

Texas Property Code sections 24.002 and 24.005,[1] 2) the deed furnished did not support a *prima facie* claim of title, and 3) there was no evidence that appellants continued to occupy the property after demand to vacate was made. We will affirm.

Factual and Procedural Background

In 2006, the Clarksons borrowed $341,500 secured by a deed of trust on the subject property. Subsequently, in 2009, the property was posted for foreclosure. Deutsche Bank purchased the property at public auction on July 7, 2009, and received a substitute trustee's deed to the property, which was subsequently filed in the deed records of Ellis County, Texas. Deutsche Bank sent demand to vacate letters to appellants. The letters advised appellants that they were tenants at sufferance and that the property should be vacated within three days or a forcible detainer action would be filed. Appellants did not vacate the property and Deutsche Bank filed suit for forcible detainer. After a hearing, the justice court rendered judgment that Deutsche Bank was entitled to possession of the property. Appellants appealed the ruling to the county court at law.

The county court at law conducted a *de novo* trial of Deutsche Bank's forcible detainer action and granted possession to Deutsche Bank. Appellants appeal this decision. We affirm.

---

[1] See TEX. PROP. CODE ANN. §§ 24.002 (West 2000), 24.005 (West Supp. 2010).

2

Forcible Detainer

Initially, we observe that an action for forcible detainer is designed to determine the right to immediate possession of real property where there is no claim of unlawful entry. See Williams v. Bank of New York Mellon, 315 S.W.3d 925, 926 (Tex.App.—Dallas 2010, no pet.). It is intended to be a speedy, simple, and inexpensive means to obtain immediate possession of property. See Marshall v. Housing Auth. of San Antonio, 198 S.W.3d 782, 787 (Tex. 2006). Title to the property in question is not at issue in a forcible detainer action. See Scott v. Hewitt, 127 Tex. 31, 90 S.W.2d 816, 818-19 (1936). Accordingly, the only issue is who will have the right of immediate possession. Williams, 315 S.W.3d at 927. In fact, whether or not a sale pursuant to a deed of trust is invalid may not be determined in a forcible detainer action. Id.

As previously identified, appellants bring forth three issues contesting the validity of the trial court's judgment granting possession to Deutsche Bank. We shall answer each in turn.

Compliance with Texas Property Code and *Prima Facie* Claim

Clarkson's first two issues contend that the trial court erred because Deutsche Bank failed to abide by the Texas Property Code in two particulars. Appellants' first contention is that the demand for possession was not sent by the person entitled to possession and, further, the notice that was sent was not in the form required. See TEX. PROP. CODE ANN. §§ 24.002, 24.005.[2] Appellants next contend that the substituted

_____

[2] Further reference to the Texas Property Code will be by reference to "§ ___" or "section ___."

trustee deed, through which Deutsche Bank claims title, was insufficient to support a *prima facie* claim of title. This is so, according to appellants, because the deed was not supported by an unqualified affidavit of a person with personal knowledge. See § 51.002(e) (West Supp. 2010).

At the trial *de novo*, Deutsche Bank introduced an exhibit C which contains copies of the demand to vacate notices that had been sent to each of the appellants. The demand letters were sent certified mail, return receipt requested. Each letter is identified by a certified article number. Contained within the exhibit is a corresponding track and confirm receipt from the United States Postal Service verifying that the specified certified article number was, in fact, delivered to the address reflected on the mail envelope. Additionally, the sworn petition for the detainer actions contains a sworn averment that three days notice was given to appellants.

The amended petition for possession, that served as the basis for the judgment in favor of Deutsche Bank, contained the affidavit of the attorney for Deutsche Bank in which the affiant swore that he was the custodian of the records for the law firm and that all of the records attached were maintained in the regular course of the law firm's business. Attached to the petition was the substitute trustee's deed. Additionally, at the hearing in the trial court, the substitute trustee's deed was offered and admitted without objection.

By attacking the notice to vacate and proof of the *prima facie* case to support the forcible detainer action, appellants' issues are actually attacking the underlying foreclosure procedure. See Williams, 315 S.W.3d at 927. A forcible detainer action is

4

not the proper avenue to attempt such an action; rather, the Clarksons should pursue those defects, if any, in a wrongful foreclosure action or suit to set aside the substitute trustee's deed.[3]  See Scott, 90 S.W.2d at 818-19.  Here, Deutsche Bank proved up its right of possession by presenting evidence of the foreclosure, substitute trustee's deed, and notice to vacate the premises.  Accordingly, the trial court did not err in overruling appellants' objections based upon the alleged non-compliance with the provisions of the Texas Property Code.  Appellants' first two issues are overruled.

## Sufficiency of the Evidence

Appellants' third issue argues that there was no evidence to support the proposition that they remained on the premises after being given notice to vacate.  The refusal to leave by a tenant at sufferance after a foreclosure is one of the elements required to be proven in a forcible detainer action.  See Goggins v. Leo, 849 S.W.2d 373, 377 (Tex.App.—Houston [14th Dist.] 1993, no writ).

A no evidence challenge requires a reviewing court to review all of the evidence in the light most favorable to the verdict, crediting favorable evidence if a reasonable fact finder could, and disregarding contrary evidence unless a reasonable fact finder could not.  See City of Keller v. Wilson, 168 S.W.3d 802, 827 (Tex. 2005).  If more than a scintilla of evidence exists in the record to support the finding, then the no evidence challenge fails.  See Tarrant Reg'l Water Dist. v. Gragg, 151 S.W.3d 546, 552 (Tex. 2004).  A scintilla of evidence is evidence so weak that it creates no more than a

---

[3] Any challenge to title in the property or wrongful foreclosure would be claims held by the Clarksons, rather than by the appellants in this forcible detainer action.

surmise or suspicion of the existence of the fact sought to be proven.  See Ford Motor Co. v. Ridgway, 135 S.W.3d 598, 601 (Tex. 2004).

A review of the record before the trial court reflects that the amended sworn complaint alleges that appellants refused to vacate the premises after a written demand to do so.  Further, the clerk's record reveals that appellants were served with the petition for forcible detainer at the residences in question after the date the notice to vacate was given.  In a factually similar case, the Fifth District Court of Appeals held that where the complaint states that the defendant was given notice to vacate the premises and further states that he refused to do so, such facts are sufficient to demonstrate entitlement to possession of the property.  Powelson v. U.S. Bank Nat'l Ass'n, 125 S.W.3d 810, 811 (Tex.App.—Dallas 2004, no pet.).  The record before us provides more than a scintilla of evidence that appellants refused to vacate the premises after proper demand had been made to do so.  Tarrant Reg'l Water Dist., 151 S.W.3d at 552.  Accordingly, appellants' third issue is overruled.

## Conclusion

Having overruled all of appellants' issues, the judgment of the trial court is affirmed.

Mackey K. Hancock
Justice