

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00261-CV

SUSAN COUCH                                                                 APPELLANT

V.

FEDERAL HOME LOAN                                                            APPELLEE
MORTGAGE CORPORATION

----------

FROM COUNTY COURT AT LAW NO. 2 OF PARKER COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellant Susan Couch appeals the trial court's award of possession of a residence to Federal Home Loan Mortgage Corporation (Freddie Mac). We will affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

Freddie Mac filed a petition for forcible detainer in the justice of the peace court. A trial was held and the court rendered judgment in favor of Freddie Mac. Couch appealed to the county court, which tried the case de novo. *See* Tex. R. Civ. P. 749, 751. No reporter's record was made of the trial. The county court also entered judgment in favor of Freddie Mac. Couch now appeals to this court.

## Applicable Law

In a forcible detainer action, the only issue the trial court determines is whether the party seeking to obtain possession is entitled to actual and immediate possession, and the merits of whether a party has title shall not be determined. *See* Tex. R. Civ. P. 746; *Black v. Wash. Mut. Bank,* 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon,* 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Thus, questions over whether a sale of property in a deed of trust is invalid "must be brought in a separate suit." *Williams,* 315 S.W.3d at 927; *Rice v. Pinney,* 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice,* 51 S.W.3d at 709.

**Discussion**

**I.**

In her first point, Couch argues that the trial court erred in finding that there was evidence that the demand for possession was made "by a person entitled to possession." *See* Tex. Prop. Code Ann. § 24.002(b) (Vernon 2000). Specifically, she argues that the demand was made by Wells Fargo, which did not have title to the property, and not by Freddie Mac. She also argues that the demand was not made in the form or manner required by section 24.005, but does not elaborate as to what was deficient under that section. *See id*. § 24.005 (Vernon Supp. 2010).

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005). When reviewing an assertion

3

that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all of the evidence in the record pertinent to that finding, we determine that the credible evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965).

The demand for possession is written on the letterhead of Jack O'Boyle and Associates, and signed by Mr. Boyle. The letter refers to "My Client: [Freddie Mac]" and states,

> On January 5, 2010, Wells Fargo Bank, N.A. as authorized servicing agent for [Freddie Mac], acquired title to the above referenced property at a foreclosure sale . . . . Pursuant to Sections 24.002(b) and 24.005 of the Texas Property Code, my client is obligated to terminate your tenancy at sufferance and instruct you to vacate the property no later than three (3) days following receipt of this letter.

The substitute trustee's deed submitted by Freddie Mac lists Wells Fargo as the mortgage servicer. The evidence is legally and factually sufficient to support the trial court's finding that the demand for possession was made by a person entitled to possession and complied with sections 24.002 and 24.005. *See Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 446 (Tex. App.— Houston [1st Dist.] 2006, pet. denied) (holding that a demand for possession stating that Countrywide was the authorized servicing agent for Freddie Mac was statutorily sufficient). We overrule Couch's first point.

## II.

In her second point, Couch argues that there was no evidence that she continued to occupy the property after the demand to vacate was given to her. The clerk's record shows that the officer commanded to serve the petition for forcible retainer on Couch called the residence at issue twice after the date the notice to vacate was given, once speaking to Couch's son and once speaking to her husband. The record also reflects that Couch was served eight days after the notice to vacate was given by posting a copy to the front door of the residence and by mailing a copy to the residence. We therefore hold that there is sufficient evidence that Couch refused to vacate the premises after proper demand had been made to do so. *See Clarkson v. Deutsche Bank Nat'l Trust Co.*, No. 07-10-00148-CV, --- S.W.3d ---, 2011 WL 183981, at *3 (Tex. App.— Amarillo Jan. 20, 2011, no pet. h.) (holding that more than a scintilla of evidence existed to support finding that tenant refused to vacate when the clerk's record reflected that the tenants were served at the residence in question); *see also Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993) (noting that a fact may be proved by circumstantial evidence when the fact may be fairly and reasonably inferred from other facts proved in the case). We overrule Couch's second point.

## III.

In her third point, Couch argues that the deed tendered to the court by Freddie Mac was insufficient to support a prima facie claim of title. Specifically, she argues that the affidavit does not state that it was based on the affiant's

unqualified personal knowledge.  *See* Tex. Prop. Code Ann. § 51.002(e) (Vernon Supp. 2010) (requiring the affidavit to be made by "a person knowledgeable of the facts").

We have recently held that the challenge to the sufficiency of the affidavit is an attack on the validity of the foreclosure and sale of the property, which cannot be raised in a forcible detainer case.  *See Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *4 (Tex. App.—Fort Worth Nov. 24, 2010, no pet.) (mem. op.); *see also Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *3 (Tex. App.—Austin Jan. 6, 2011, no pet. h.) (mem. op.) (overruling same argument); *Shutter v. Wells Fargo Bank N.A.*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (same); *Williams*, 315 S.W.3d at 927 (same).  In this case, Freddie Mac proved its right to possession by presenting the substitute trustee's deed, the deed of trust, and the notice to vacate sent to and received by Couch.  *See Williams*, 315 S.W.3d at 927.  We overrule Couch's third point.

## Conclusion

Having overruled all of Couch's points, we affirm the trial court's judgment.


LEE GABRIEL
JUSTICE

PANEL:  DAUPHINOT, MEIER, and GABRIEL, JJ.

DELIVERED:  March 24, 2011

6