

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-10-00125-CV

MIKE E. DEUBLER AND ALL
OTHER OCCUPANTS

APPELLANT

V.

THE BANK OF NEW YORK
MELLON, AS SUCCESSOR
TRUSTEE UNDER NOVASTAR
MORTGAGE FUNDING TRUST
2005-1

APPELLEE

----------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

Appellants Mike E. Deubler and all occupants of 7520 Wentwood Court, North Richland Hills, Texas, (collectively, Deubler) appeal the trial court's award of possession of the Wentwood Court residence to The Bank of New York Mellon (the Bank). We will affirm the trial court's judgment.

---

[1]*See* Tex. R. App. P. 47.4.

## Background Facts

The Bank filed a petition for forcible detainer in the justice of the peace court. A trial was held, and the court rendered judgment in favor of the Bank. Deubler appealed to the county court, which tried the case de novo. *See* Tex. R. Civ. P. 749, 751. The county court also entered judgment in favor of the Bank. Deubler now appeals to this court.

## Forcible Detainer

In a forcible detainer action, the only issue the trial court determines is whether the party seeking to obtain possession is entitled to actual and immediate possession, and the merits of whether a party has title shall not be determined. *See* Tex. R. Civ. P. 746; *Black v. Wash. Mut. Bank,* 318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.); *Williams v. Bank of N.Y. Mellon,* 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Thus, questions over whether a sale of property in a deed of trust is invalid "must be brought in a separate suit." *Williams,* 315 S.W.3d at 927; *Rice v. Pinney,* 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no pet.). "To prevail in a forcible detainer action, a plaintiff is not required to prove title, but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Rice,* 51 S.W.3d at 709.

## Standard of Review

Deubler appeals the award of possession in two points. In his first point, Deubler argues that there was no evidence establishing the chain of ownership

2

of the note and lien. In his second point, Deubler argues there is no evidence that Deubler continued to occupy the property after demand was made that he vacate. We construe these points to be challenges to the legal sufficiency of the evidence.

We may sustain a legal sufficiency challenge only when (1) the record discloses a complete absence of evidence of a vital fact; (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact; (3) the evidence offered to prove a vital fact is no more than a mere scintilla; or (4) the evidence establishes conclusively the opposite of a vital fact. *Uniroyal Goodrich Tire Co. v. Martinez*, 977 S.W.2d 328, 334 (Tex. 1998), *cert. denied*, 526 U.S. 1040 (1999). In determining whether there is legally sufficient evidence to support the finding under review, we must consider evidence favorable to the finding if a reasonable factfinder could and disregard evidence contrary to the finding unless a reasonable factfinder could not. *Cent. Ready Mix Concrete Co. v. Islas*, 228 S.W.3d 649, 651 (Tex. 2007); *City of Keller v. Wilson*, 168 S.W.3d 802, 807, 827 (Tex. 2005).

**Discussion**

**Chain of Ownership in Forcible Detainer Actions**

Deubler's first point challenges the trial court's judgment because there was not a linkage established "between the deed of trust offered . . . and the substitute trustee's deed" and that without that "linkage," there was no proof that the Bank's right of possession is superior to Deubler's. The only case Deubler

3

cites in support of his argument is *Goggins v. Leo*, 849 S.W.2d 373 (Tex. App.—Houston [14th Dist.] 1993, no writ). However, while *Goggins* does state that proof of a superior right of possession is an element of forcible detainer, it also states that the plaintiff need not prove up title in order to prove his superior right. *Id*. at 377.

The Bank submitted to the trial court the deed of trust, the substitute trustee's deed showing that the Bank acquired the property at a foreclosure sale on November 3, 2009, and the notice to Deubler to vacate. This evidence was sufficient to establish the Bank's right to immediate possession of the property. *See Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g) (holding that a deed of trust, a substitute trustee's deed, and notices to the defendant to vacate were sufficient to establish the plaintiff's right to immediate possession); *Williams,* 315 S.W.3d at 927 (same). We overrule Deubler's first point.

**Refusal to Leave Premises**

In his second point, Deubler argues that the Bank did not prove that Deubler refused to leave the premises after he received notice to vacate. The record shows that a police constable delivered the eviction citation to Deubler at the property at issue almost a month after the Bank sent its notice to vacate. Deubler also represented that he continued to reside at the property when he listed the property as his address on his appeal bond. We hold that the evidence is sufficient to establish that Deubler continued to reside on the premises after

4

proper demand that he vacate had been made. *See Clarkson v. Deutsche Bank Nat'l Trust Co.*, No. 07-10-00148, --- S.W.3d ---, 2011 WL 183981, at *3 (Tex. App.—Amarillo Jan. 20, 2011, no pet. h.) (holding that more than a scintilla of evidence existed to support finding that tenant refused to vacate when the record reflected that the tenants were served at the residence in question); *see also Russell v. Russell*, 865 S.W.2d 929, 933 (Tex. 1993) (noting that a fact may be proved by circumstantial evidence when the fact may be fairly and reasonably inferred from other facts proved in the case). We overrule Deubler's second point.

## Conclusion

Having overruled both of Deubler's points, we affirm the judgment of the trial court.

LEE GABRIEL
JUSTICE

PANEL: DAUPHINOT, GARDNER, and GABRIEL, JJ.

DELIVERED: April 7, 2011