02-10-125-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

NO. 02-10-00125-CV

 

 


 
 
 MiKE E. Deubler and All Other Occupants
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 The Bank of New York Mellon, as Successor Trustee
 Under Novastar Mortgage Funding Trust 2005-1
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

 

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

 

MEMORANDUM
OPINION[1]

----------

          Appellants
Mike E. Deubler and all occupants of 7520 Wentwood Court, North Richland Hills,
Texas, (collectively, Deubler) appeal the trial court’s award of possession of
the Wentwood Court residence to The Bank of New York Mellon (the Bank).  We
will affirm the trial court’s judgment.

Background
Facts

          The
Bank filed a petition for forcible detainer in the justice of the peace court. 
A trial was held, and the court rendered judgment in favor of the Bank.  Deubler
appealed to the county court, which tried the case de novo.  See Tex. R.
Civ. P. 749, 751.  The county court also entered judgment in favor of the
Bank.  Deubler now appeals to this court.

Forcible
Detainer

In a
forcible detainer action, the only issue the trial court determines is whether
the party seeking to obtain possession is entitled to actual and immediate
possession, and the merits of whether a party has title shall not be
determined.  See Tex. R. Civ. P. 746; Black v. Wash. Mut. Bank,
318 S.W.3d 414, 416 (Tex. App.—Houston [1st Dist.] 2010, pet. dism’d w.o.j.); Williams
v. Bank of N.Y. Mellon, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no
pet.).  Thus, questions over whether a sale of property in a deed of trust is
invalid “must be brought in a separate suit.”  Williams, 315 S.W.3d at
927; Rice v. Pinney, 51 S.W.3d 705, 710 (Tex. App.—Dallas 2001, no
pet.).  “To prevail in a forcible detainer action, a plaintiff is not required
to prove title, but is only required to show sufficient evidence of ownership
to demonstrate a superior right to immediate possession.”  Rice, 51
S.W.3d at 709.

Standard
of Review

Deubler
appeals the award of possession in two points.  In his first point, Deubler
argues that there was no evidence establishing the chain of ownership of the
note and lien.  In his second point, Deubler argues there is no evidence that
Deubler continued to occupy the property after demand was made that he vacate. 
We construe these points to be challenges to the legal sufficiency of the
evidence.

We
may sustain a legal sufficiency challenge only when (1) the record discloses a
complete absence of evidence of a vital fact; (2) the court is barred by rules
of law or of evidence from giving weight to the only evidence offered to prove
a vital fact; (3) the evidence offered to prove a vital fact is no more than a
mere scintilla; or (4) the evidence establishes conclusively the opposite of a
vital fact.  Uniroyal Goodrich Tire Co. v. Martinez, 977 S.W.2d 328, 334
(Tex. 1998), cert. denied, 526 U.S. 1040 (1999).  In determining whether
there is legally sufficient evidence to support the finding under review, we
must consider evidence favorable to the finding if a reasonable factfinder
could and disregard evidence contrary to the finding unless a reasonable
factfinder could not.  Cent. Ready Mix Concrete Co. v. Islas, 228 S.W.3d
649, 651 (Tex. 2007); City of Keller v. Wilson, 168 S.W.3d 802, 807, 827
(Tex. 2005).

Discussion

Chain
of Ownership in Forcible Detainer Actions

          Deubler’s
first point challenges the trial court’s judgment because there was not a
linkage established “between the deed of trust offered . . . and the substitute
trustee’s deed” and that without that “linkage,” there was no proof that the Bank’s
right of possession is superior to Deubler’s.  The only case Deubler cites in
support of his argument is Goggins v. Leo, 849 S.W.2d 373 (Tex.
App.—Houston [14th Dist.] 1993, no writ).  However, while Goggins does
state that proof of a superior right of possession is an element of forcible
detainer, it also states that the plaintiff need not prove up title in order to
prove his superior right.  Id. at 377.

          The
Bank submitted to the trial court the deed of trust, the substitute trustee’s
deed showing that the Bank acquired the property at a foreclosure sale on
November 3, 2009, and the notice to Deubler to vacate.  This evidence was
sufficient to establish the Bank’s right to immediate possession of the
property.  See Shutter v. Wells Fargo Bank, 318 S.W.3d 467, 471
(Tex. App.—Dallas 2010, pet. dism’d w.o.j.) (op. on reh’g) (holding that a deed
of trust, a substitute trustee’s deed, and notices to the defendant to vacate
were sufficient to establish the plaintiff’s right to immediate possession); Williams,
315 S.W.3d at 927 (same).  We overrule Deubler’s first point.

Refusal
to Leave Premises

In
his second point, Deubler argues that the Bank did not prove that Deubler
refused to leave the premises after he received notice to vacate.  The record
shows that a police constable delivered the eviction citation to Deubler at the
property at issue almost a month after the Bank sent its notice to vacate. 
Deubler also represented that he continued to reside at the property when he
listed the property as his address on his appeal bond.  We hold that the
evidence is sufficient to establish that Deubler continued to reside on the
premises after proper demand that he vacate had been made.  See Clarkson v.
Deutsche Bank Nat’l Trust Co., No. 07-10-00148, --- S.W.3d ---, 2011 WL
183981, at *3 (Tex. App.—Amarillo Jan. 20, 2011, no pet. h.) (holding that more
than a scintilla of evidence existed to support finding that tenant refused to
vacate when the record reflected that the tenants were served at the residence
in question); see also Russell v. Russell, 865 S.W.2d 929, 933
(Tex. 1993) (noting that a fact may be proved by circumstantial evidence when
the fact may be fairly and reasonably inferred from other facts proved in the
case).  We overrule Deubler’s second point.

Conclusion

          Having
overruled both of Deubler’s points, we affirm the judgment of the trial court.

 

 

 

LEE GABRIEL
JUSTICE

 

PANEL: 
DAUPHINOT,
GARDNER, and GABRIEL, JJ.

 

DELIVERED:  April 7, 2011









[1]See Tex. R. App. P. 47.4.