**AFFIRM; and Opinion Filed July 7, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00648-CV

### EARLENE AND CHARLES MARTIN, Appellants
### V.
### FEDERAL NATIONAL MORTGAGE ASSOCIATION, Appellee

**On Appeal from the County Court at Law No. 1
Dallas County, Texas
Trial Court Cause No. CC-1201379-A**

## MEMORANDUM OPINION

Before Justices Lang-Miers, Myers, and Lewis
Opinion by Justice Lewis

This is an appeal from a final judgment in a forcible detainer action awarding possession of certain real property to Federal National Mortgage Association, a/k/a Fannie Mae. In two issues, Earlene and Charles Martin challenge the trial court's subject matter jurisdiction to issue a writ of possession and the sufficiency of the evidence to support the trial court's judgment. Because all dispositive issues are settled in law, we issue this memorandum opinion. TEX. R. APP. P. 47.2(a), 47.4. We affirm the trial court's judgment.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On September 5, 2008, the Martins executed a deed of trust with respect to certain real property located at 221 Crystal Lake Drive, DeSoto, Texas (the Property), securing a loan of $195,891.00 from Shelter Mortgage Company, LLC (Shelter). The deed of trust named Mortgage Electronic Registration Systems, Inc. (MERS) as the beneficiary and nominee for

Shelter and provided that MERS had the right to foreclose and sell the Property if the Martins defaulted on the note. The deed of trust stated:

> If the Property is sold pursuant to this Section 22 [acceleration; remedies], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On October 11, 2011, MERS assigned the deed of trust to Wells Fargo Bank, N.A. (Wells Fargo), including "the full benefit of all the powers and of all the covenants and provisions therein contained." On November 30, 2011, Wells Fargo removed the original trustee and appointed substitute trustees with respect to the deed of trust.

After an alleged default, Wells Fargo foreclosed on the Property, conducted a non-judicial foreclosure sale, and sold the Property to Fannie Mae.[1] On January 12, 2012, Fannie Mae sent the Martins notices to vacate the premises via regular and certified mail. The notices were sent to the address of the Property. The return receipts for the certified mailings show that the notices were received by the Martins. On February 20, 2012, Fannie Mae filed an eviction suit in Justice Court, Precinct 4, Dallas County, Texas. The Martins were served with process at the Property. After the justice court rendered judgment in favor of the Martins, Fannie Mae filed its de novo appeal, filing its original petition for forcible detainer with County Court at Law No. 1 of Dallas County, Texas.

The trial court conducted a trial de novo without a jury on March 27, 2012. The Martins argued Wells Fargo failed to prove it was the holder of their mortgage note at the time of the foreclosure and thus lacked authority to initiate foreclosure proceedings and sell the Property to Fannie Mae. At the close of argument, the trial court requested briefs from the parties on the

---

[1] The substitute trustee's deed identifies MERS as original mortgagee; Wells Fargo is identified as current mortgagee and mortgage servicer.

issue of whether the deed of trust, without transfer of the note, conveyed enough of an interest to the purchaser to establish a tenant-at-sufferance relationship. Both parties filed briefs, and on February 7, 2013, the trial court signed a final judgment granting judgment in favor of Fannie Mae.

On February 7, 2013, the Martins filed a plea to the jurisdiction and alternative motion to reconsider and abate, asserting the trial court lacked jurisdiction to adjudicate the forcible detainer suit because the issue of title to the Property was the subject of a lawsuit pending in the United States District Court for the Northern District of Texas.[2] On March 4, 2013, the Martins filed a motion for new trial, again challenging the jurisdiction of the trial court. The Martins' motion for new trial was denied, and the Martins now file this appeal.

## II. DISCUSSION

The Martins raise two issues on appeal. First, the Martins assert the trial court erred in denying their plea to the jurisdiction and alternative motion to reconsider and abate in the forcible detainer lawsuit, because of the separate lawsuit challenging Fannie Mae's title to the Property. Second, the Martins challenge the sufficiency of the evidence to meet several of the elements necessary to prevail in a forcible detainer action.

### A. JURISDICTION

Jurisdiction of forcible detainer actions is expressly given to the justice court of the precinct where the property is located and, on appeal, to county courts for a trial de novo. *See* TEX. PROP. CODE ANN. § 24.004 (West Supp. 2013); TEX. R. CIV. P. 510.10(c); *Rice v. Pinney*, 51 S.W.3d 705, 708 (Tex. App.—Dallas 2001, no pet.). Thus, the outcome of this case depends on the extent of the appellate jurisdiction of Dallas County Court at Law No. 1.

---

[2] The Martins filed a separate lawsuit seeking a declaration that Wells Fargo did not have authority to sell the Property to Fannie Mae. The case was removed to federal district court, which rejected the Martins' claim and granted the motion for summary judgment filed by Wells Fargo and Fannie Mae. *See Martin v. Fed. Nat'l Mortg. Ass'n & Wells Fargo Bank, N.A.*, No. 3:12-cv-2768-M-BF, 2013 WL 4494523, at *4 (N.D. Tex. Aug. 22, 2013) (Order Accepting Findings, Conclusions, And Recommendation Of The United States Magistrate Judge).

The appellate jurisdiction of a statutory county court is confined to the jurisdictional limits of the justice court, and the county court has no jurisdiction over an appeal unless the justice court had jurisdiction. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 434 (Tex. App.—Houston [1st Dist.] 2007, no pet.). A justice court is expressly denied jurisdiction of a suit to determine title to land. TEX. GOV'T CODE ANN. § 27.031(b)(4) (West Supp. 2013). Furthermore, in an action for forcible detainer, the court "must adjudicate the right to actual possession and not title." TEX. R. CIV. P. 510.3(e). Accordingly, a county court at law has no jurisdiction to adjudicate title in a de novo trial following an appeal of a forcible detainer suit from justice court. *See Elwell v. Countrywide Home Loans, Inc.*, 267 S.W.3d 566, 568 (Tex. App.—Dallas 2008, pet. dism'd w.o.j.); *Rice*, 51 S.W.3d at 708–09.

A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *See Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 926 (Tex. App.—Dallas 2010, no pet.); *Rice*, 51 S.W.3d at 709. It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936). Thus, the sole issue in a forcible detainer suit is who has the right to immediate possession of the property. *See Williams*, 315 S.W.3d at 927; *Rice*, 51 S.W.3d at 709. "To prevail, it is unnecessary for the plaintiff to prove title to the property; plaintiff is only required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession." *Elwell*, 267 S.W.3d at 568.

A justice court is not deprived of jurisdiction merely by the existence of a title dispute. *Black v. Washington Mut. Bank*, 318 S.W.3d 414, 417 (Tex. App.—Houston [1st Dist.] 2010, pet. dism'd w.o.j.). Rather, it is only deprived of jurisdiction if the right to immediate possession necessarily requires a resolution of a title dispute. *Id.*; *see Rice*, 51 S.W.3d at 712. "Because a forcible detainer action is not exclusive, but cumulative, of any other remedy that a party may

–4–

have in the courts of this state, the displaced party is entitled to bring a separate suit in the district court to determine the question of title." *Rice*, 51 S.W.3d at 709 (citing *Scott*, 127 Tex. at 35, 90 S.W.2d at 818–19); *see also Williams*, 315 S.W.3d at 927.

Despite the Martins' contentions to the contrary, it was not necessary for the trial court to determine whether the foreclosure was valid before awarding possession to Fannie Mae. *See Williams*, 315 S.W.3d at 927. In this case, Fannie Mae proved its right to possession of the Property by presenting in evidence the substitute trustee's deed, the deed of trust, and notice to the Martins to vacate. The deed of trust showed the Martins, as borrowers, conveyed the Property to a trustee for the benefit of MERS, as nominee for Shelter. The deed of trust states that upon a sale pursuant to the deed of trust, the Martins would become tenants at sufferance and subject to a forcible detainer action if they refused to vacate the Property. The substitute trustee's deed detailed the default on the note, the foreclosure pursuant to the deed of trust, and the sale of the property to Fannie Mae.[3] The notice to vacate informed the Martins of their tenant-at-sufferance position and Fannie Mae's requirement that they vacate the property. It was not necessary for the county court at law to determine whether there were defects in the foreclosure process or with Fannie Mae's title to the Property. *See id*. The court merely determined that Fannie Mae was entitled to immediate possession. Accordingly, we conclude the trial court had subject matter jurisdiction in this case. We resolve the Martins' first issue against them.

### B. SUFFICIENCY OF THE EVIDENCE

In their second issue, the Martins argue that Fannie Mae did not establish the elements of forcible detainer. Specifically, the Martins contend that (1) Fannie Mae did not establish ownership of the Property; (2) Fannie Mae did not establish the Martins occupied the Property;

---

[3] We address the Martins' contention that the substitute trustee's deed was not admitted into evidence *infra* at pages 6–8.

and (3) Fannie Mae did not establish the Martins refused to vacate the Property. To prevail and obtain possession in its forcible detainer action, the law requires Fannie Mae to show: (1) the substitute trustee conveyed the property by deed to Fannie Mae after a foreclosure sale; (2) the deed of trust signed by the Martins established a landlord-tenant relationship between Fannie Mae and the Martins; (3) Fannie Mae gave proper notice to the Martins that it required them to vacate the premises; and (4) the Martins refused to vacate the premises. TEX. PROP. CODE ANN. §§ 24.002(a)(2), 24.002(b) (West 2000); TEX. PROP. CODE ANN. §24.005 (West Supp. 2013); *see also Elwell*, 267 S.W.3d at 568–69; *U.S. Bank Nat'l Assoc. v. Freeney*, 266 S.W.3d 623, 625 (Tex. App.—Dallas 2008, no pet.).

When a party challenges the legal sufficiency of the evidence, we consider the evidence in the light most favorable to the finding, indulging every reasonable inference in support. *See City of Keller v. Wilson*, 168 S.W.3d 802, 822 (Tex. 2005). We credit favorable evidence if a reasonable fact-finder could, and disregard contrary evidence unless a reasonable fact-finder could not. *See id.* at 827. If the evidence would permit reasonable and fair-minded people to reach the finding under review, the legal sufficiency challenge fails. *See id.*

## 1. Ownership Of Property

The Martins challenge Fannie Mae's ownership of the Property on the basis that the substitute trustee's deed was never formally admitted into evidence at trial. The record on appeal includes the substitute trustee's deed, marked as exhibit 4. However, the exhibit index indicates that exhibit 4 was not admitted. Exhibit 4 consists of three pages. The first page is entitled "Substitute Trustee's Deed." The second page is entitled "Statement of Facts" and appears to be the affidavit of Derek Freitag, an attorney for Fannie Mae. The third page contains only the county clerk's certification that the document is a true and correct copy of the original record on file. During trial, Fannie Mae offered exhibit 4 into evidence. The Martins' counsel objected to

the entire exhibit on the basis of hearsay. The trial court overruled the objection. The Martins' counsel then made a hearsay objection to the second page of exhibit 4, the "Statement of Facts." The trial court sustained the Martins' objection to the second page. The Martins' counsel then informed the court he had no other objections to exhibit 4. Fannie Mae's counsel briefly discussed and summarized the provisions of the substitute trustee's deed; the Martins' counsel did not object to references to the substitute trustee's deed on the basis it was not in evidence. Indeed, counsel for both parties referred to the substitute trustee's deed throughout the remainder of the trial, and treated the substitute trustee's deed as if it had been admitted into evidence. Referring to the substitute trustee's deed, counsel for Fannie Mae stated: "It shows Fannie Mae a/k/a Federal National Mortgage Association was a buyer of the property at issue on January 3rd, 2012. And that's been admitted into evidence. It wasn't objected to." The Martins' counsel did not object to this statement, even though the record reflects he had previously objected to the substitute trustee's deed and his objection was overruled. Further, the trial judge stated: "I'm looking at the substitute trustee's deed, and that alone, to determine the issue of whether or not there is a superior right here." We note, however, that the record does not contain a statement by the trial court, formally admitting the first page of exhibit 4, the substitute trustee's deed, into evidence.

Given the record before us, we conclude that the first page of exhibit 4, the substitute trustee's deed, was, for all practical purposes, admitted into evidence. *See Travelers Indem. Co. of Rhode Island v. Starkey*, 157 S.W.3d 899, 904 (Tex. App.—Dallas 2005, pet. denied); *Pickering v. First Greenville Nat'l Bank*, 479 S.W.2d 76, 78 (Tex. Civ. App.—Dallas 1972, no writ); *see also Texas Dep't of Pub. Safety v. Latimer*, 939 S.W.2d 240, 243 (Tex. App.—Austin 1997, no writ) (detailing a number of cases holding evidence that is treated by the trial court and the parties as if it had been admitted is, for all practical purposes, admitted).

The substitute trustee's deed reflects that Fannie Mae purchased the Property on January 3, 2012. The substitute trustee's deed is sufficient evidence to establish that Fannie Mae owned the Property.

**2. Occupation Of The Property; Refusal To Vacate**

The Martins present two challenges to the sufficiency of the evidence that they occupied the Property. First, the Martins argue that Fannie Mae offered no evidence that they were occupying the Property at the time of trial. Second, the Martins argue that Fannie Mae's evidence of the Martins' occupation was "no more than a mere scintilla" and was, in legal effect, no evidence of occupation. The Martins also argue there is no evidence they refused to leave the Property. Fannie Mae asserts the Martins would not be fighting Fannie Mae's right to possess the Property if the Martins had already surrendered possession.

Applying the appropriate standard of review, we note that in a bench trial, the trial court is the finder of fact and may take into consideration all the facts and surrounding circumstances in connection with the testimony of each witness and accept or reject all or any part of that testimony. *See Fulgham v. Fischer*, 349 S.W.3d 153, 157 (Tex. App.—Dallas 2011, no pet.); *Rich v. Olah*, 274 S.W.3d 878, 884 (Tex. App.—Dallas 2008, no pet.). If more than a scintilla of evidence exists in the record to support the finding, then the no-evidence challenge fails. *See Tarrant Reg'l Water Dist. v. Gragg*, 151 S.W.3d 546, 552 (Tex. 2004); *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 795 (Tex. 2002). More than a scintilla of evidence exists if the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 601 (Tex. 2004) (quoting *Merrell Dow Pharm., Inc. v. Havner*, 953 S.W.2d 706, 711 (Tex. 1997)). On the other hand, "[w]hen the evidence offered to prove a vital fact is so weak as to do no more than create a mere surmise or suspicion of its existence, the evidence is no more than a scintilla and, in legal effect,

is no evidence." *Ford Motor Co.*, 135 S.W.3d at 601 (quoting *Kindred v. Con/Chem, Inc.*, 650 S.W.2d 61, 63 (Tex. 1983)).

The record contains notices to vacate that were served on the Martins by certified mail to the Property address. The record contains the certified mail return receipts that accompanied Fannie Mae's notices to vacate, signed by Charles Martin. The Martins argue that because the return receipt cards were signed on January 20, 2012, some two months before the trial, this is insufficient evidence that the Martins occupied the Property at the time of trial. However, at trial, Fannie Mae's witness, Susan Lucero, testified that her records indicated that the property was still occupied. Martins' counsel asked Lucero a number of questions on cross examination; however, he did not question her testimony that the Property was still occupied. Further, the Martins do not dispute Fannie Mae's assertion that the Martins were served with the petition for forcible detainer at the Property address. *See Clarkson v. Deutsche Bank Nat'l Trust Co.*, 331 S.W.3d 837, 840 (Tex. App.—Amarillo 2011, no pet.) (holding that more than a scintilla of evidence existed to support tenant refused to vacate the premises where tenant was served with the petition for forcible detainer at the residence in question after the date the notice to vacate was given). Finally, we note that the Martins' appeal of the trial court's judgment awarding Fannie Mae possession of the Property may be some evidence that the Martins have remained in possession of the Property. *See Mekeel v. U.S. Bank Nat'l Ass'n*, 355 S.W.3d 349, 359 (Tex. App.—El Paso 2011, pet. dism'd) (pursuing appeal of judgment granting possession to bank was evidence of refusal to vacate); *Rodriguez v. Citimortgage, Inc.*, No. 03-10-00093-CV, 2011 WL 182122, at *6 (Tex. App.—Austin Jan. 6, 2011, no pet.) (mem. op., not designated for publication) (continuing to prosecute appeals from judgment awarding possession was tacit concession of refusal to vacate).

We conclude the record before us provides more than a scintilla of evidence that the Martins occupied the Property and refused to vacate the premises after proper demand had been made to do so.  We resolve the Martin's second issue against them.

### III.  CONCLUSION

Having overruled all of the Martins' issues, the judgment of the trial court is affirmed.

/David Lewis/
DAVID LEWIS
JUSTICE

130648F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

EARLENE AND CHARLES MARTIN,
Appellants

No. 05-13-00648-CV     V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION, Appellee

On Appeal from the County Court at Law
No. 1, Dallas County, Texas
Trial Court Cause No. CC-1201379-A.
Opinion delivered by Justice Lewis.
Justices Lang-Miers and Myers
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

It is **ORDERED** that appellee FEDERAL NATIONAL MORTGAGE ASSOCIATION
recover its costs of this appeal from appellants EARLENE AND CHARLES MARTIN.

Judgment entered this 7th day of July, 2014.