**Affirmed; Opinion Filed November 21, 2017.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-16-01117-CV

### JOHN W. FEUERBACHER, Appellant
### V.
### FEDERAL NATIONAL MORTGAGE ASSOCIATION A/K/A FANNIE MAE, Appellee

**On Appeal from the County Court at Law No. 2**
**Kaufman County, Texas**
**Trial Court Cause No. 16C-0010-2**

## MEMORANDUM OPINION

Before Justices Francis, Myers, and Whitehill
Opinion by Justice Myers

This is an appeal from a final judgment in an action for forcible entry and detainer, in which the trial court awarded possession of a property located at 12369 Golden Meadow Lane, Forney, Texas 75126, to the appellee Federal National Mortgage Association a/k/a Fannie Mae. John W. Feuerbacher, appeals, contending (1) the trial court erred by hearing the case and rendering judgment because the court did not have all indispensable parties before it; and (2) appellee failed to tender evidence that it was entitled to rely on the "tenancy at sufferance" language in the deed of trust, and it was not in privity of contract regarding the claimed lien instrument. We affirm.

### BACKGROUND AND PROCEDURAL HISTORY

On November 3, 2015 appellee Fannie Mae purchased a property located at 12369

Golden Meadow Lane, Forney, Texas 75126, at a foreclosure sale after appellant John W. Feuerbacher defaulted on his mortgage. The deed of trust executed by appellant and his wife, Sandra Feuerbacher, pursuant to which the foreclosure sale occurred, provided that if the property is sold via a non-judicial foreclosure:

> Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

On November 19, 2015, separate notices to vacate were mailed to appellant, his wife, and the "occupant(s) and/or tenant(s)" of the property demanding they vacate the property within three days or forcible detainer proceedings would be commenced against them and all other occupants.

When appellant failed to vacate the property, Fannie Mae filed this forcible entry and detainer action in the Justice Court, Precinct 1, of Kaufman County, Texas, and obtained a judgment in its favor. Appellant appealed the judgment to the County Court at Law No. 2 of Kaufman County, Texas. Fannie Mae moved for summary judgment and appellant filed a response to the summary judgment motion. The county court denied the motion for summary judgment and proceeded to trial on July 29, 2016.

During the trial, the county court admitted into evidence the substitute trustee's deed showing Fannie Mae's purchase of the property at the foreclosure sale, and the deed of trust showing appellant's tenant at sufferance status. The county court also admitted into evidence the notices to vacate that were mailed to appellant, his wife, and the occupants and/or tenants of the property. Appellant offered no evidence in opposition to the deed of trust, substitute trustee's deed, and the notices to vacate offered by Fannie Mae. Nor did appellant introduce any evidence showing Sandra Feuerbacher or any other occupant other than appellant remained in possession of the property after receiving written notice to vacate. The county court granted judgment in

favor of Fannie Mae and awarded immediate possession of the property to Fannie Mae.

### DISCUSSION

### 1. Indispensable Party

In his first issue, appellant contends the trial court erred by hearing the case and rendering judgment because the court did not have before it all indispensable parties. Appellant explains his argument as follows:

> Fannie Mae very plainly, by its own documentary evidence and business records affidavit, properly should have included a second party defendant, Sandra Feuerbacher, who was not and is not a party to this suit. Since all necessary parties defendant were not named in the suit nor served with process, the suit should have been abated and/or dismissed, since the Judgment of July 29, 2016 was not [sic] be a bar to a later suit against Sandra Feuerbacher by Fannie Mae or anyone who might claim to be a successor in interest to Fannie Mae, whether or not John Feuerbacher had prevailed herein at trial or should he later so prevail on appeal.

We understand appellant to be arguing that Sandra Feuerbacher should have been joined as an indispensable party and that the failure to do so was jurisdictional.

The record does not reflect that appellant attempted to join his wife as an indispensable party at any point in this forcible detainer action, either in the justice court or the county court at law. Nor did he raise the issue in a verified objection. *See* TEX. R. CIV. P. 93(4) (requiring a party to verify "[t]hat there is a defect of parties, plaintiff or defendant."). He raised the issue of his wife's non-joinder in his response to Fannie Mae's motion for summary judgment, but raising a parties defect challenge in a response to a motion for summary judgment will not preserve the issue for review. *See Truong v. City of Houston*, 99 S.W.3d 204, 216–17 (Tex. App.—Houston [1st Dist.] 2002, no pet.); *Khalilnia v. Federal Home Loan Mortgage Corp.*, No. 01–12–00573–CV, 2013 WL 1183311, at *4–5 (Tex. App.—Houston [1st Dist.] 2013, pet. denied) (mem. op). As a result, appellant failed to preserve any complaint regarding his wife's non-joinder and cannot raise it on appeal. *See Truong*, 99 S.W.3d at 216–17; *Khalilnia*, 2013

WL 1183311, at *5.

Additionally, even if appellant had somehow preserved his complaint for appellate review, the argument fails on the merits. An indispensable party is one whose presence is required for just adjudication. *See Haney Elec. Co. v. Hurst*, 624 S.W.2d 602, 611 (Tex. Civ. App.—Dallas 1981, writ dism'd); *Dyhre v. Hinman*, No. 05–16–00511–CV, 2017 WL 1075614, at *2 n. 2 (Tex. App.—Dallas March 22, 2017, pet. denied) (mem. op.). "A failure to join 'indispensable' parties does not render a judgment void; there could rarely exist a party who is so indispensable that his absence would deprive the court of jurisdiction to adjudicate between the parties who are before the court." *Browning v. Placke*, 698 S.W.2d 362, 363 (Tex. 1985).

Nothing in this record establishes that Sandra Feuerbacher was an indispensable party. In *Khalilnia*, the court discussed a similar complaint when the defendant argued that the notice to vacate, which was addressed to the defendant "and/or all occupants of [the property]," was defective because it did not identify his wife as a tenant. The court rejected this argument:

> A notice to vacate need not be so specific. The Texas Property Code instead permits notice to be personally delivered "to the tenant or any person residing at the premises" or delivered by mail "to the premises in question." TEX. PROP. CODE ANN. § 24.005(f). Neither method requires that a notice specifically address particular occupants. Rather, the statute's broad language about the acceptable recipients of notice permits a general notice to the occupants of the property.

*Khalilnia*, 2013 WL 1183311, at *3. The court added that the notice to vacate was addressed to the property and was presumed delivered, and that it was addressed not only to the defendant but to "all occupants." *See id*. at *4. Accordingly, the defendant failed to raise a fact issue about the delivery or sufficiency of the notice to vacate. *See id*.; *see also Trimble v. Fed. Nat'l Mortgage Ass'n*, 516 S.W.3d 24, 31 (Tex. App.—Houston [1st Dist.] 2017, pet. filed) (citing *Khalilnia* and noting that court has rejected argument that notice was improper because it was mailed to "all occupants" and did not specifically identify tenant's spouse).

–4–

The same reasoning applies in this case. Pursuant to section 24.002(a) of the Texas Property Code, "[a] person who refuses to surrender possession of real property on demand commits a forcible detainer if the person . . . is a tenant at will or by sufferance. . . ." TEX. PROP. CODE ANN. § 24.002(a)(2). "The demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005." *Id.* § 24.002(b). Section 24.005 provides that the owner may give the notice in person to any person residing at the premises who is 16 years of age or older or send it by mail "to the premises in question." *Id.* § 24.005(f). Such a notice may be sent by regular mail, by registered mail, or by certified mail, return receipt requested. *Id.* As other courts have noted, section 24.005(f) does not require receipt by appellant or any particular person; it requires only mail "to the premises in question." *See id.* § 24.005(f); *Trimble*, 516 S.W.3d at 31; *Khalilnia*, 2013 WL 1183311, at *3. Addressing the notice to "all occupants" and mailing it is sufficient to raise the presumption that the notice was delivered to the property. *Trimble*, 516 S.W.3d at 31; *Khalilnia*, 2013 WL 1183311, at *3.

The issue in this case was who, as between Fannie Mae and the occupants of the property, had the superior right to immediate possession of the property. *See Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). Fannie Mae was required to present sufficient evidence of ownership to demonstrate a superior right to immediate possession vis a vis the occupants. *See Rice v. Pinney*, 51 S.W.3d 705, 709 (Tex. App.—Dallas 2001, no pet.). The evidence admitted at trial included the deed of trust, the substitute trustee's deed, and the notices to vacate. Those notices were mailed to appellant, his wife, and also to the "occupant(s) and/or tenant(s)" of the property. Appellant has failed to raise a question of fact to rebut the presumption that notice was delivered "to the premises." *See Trimble*, 516 S.W.3d at 31; *Khalilnia*, 2013 WL 1183311, at *4. We conclude Fannie Mae established a superior right to

–5–

immediate possession of the property and that there has been no showing Sandra Feuerbacher should have been joined as an indispensable party. We overrule appellant's first issue.

## 2. Tenancy at Sufferance

In his second issue, appellant argues the trial court erred by granting judgment for possession of the subject real property because Fannie Mae failed to tender evidence that it was entitled to rely on the "tenancy at sufferance" language in the deed of trust, and Fannie Mae was not in privity of contract with Feuerbacher regarding the claimed lien instrument.

The deed of trust provided that if the property is sold via a non-judicial foreclosure the borrower or any person holding possession of the property shall immediately surrender possession of the property to the purchaser at the sale, and if possession is not surrendered, the borrower or person shall be a tenant at sufferance and may be removed through a writ of possession or other proceeding. The property was sold at a foreclosure sale to Fannie Mae as reflected in the substitute trustee's deed, which identified JP Morgan Chase Bank, N.A., as the current mortgagee and Chase Manhattan Mortgage Corporation as the original mortgagee. The occupants refused to vacate the property after receiving written notice to vacate. Their continued possession of the property following notice to vacate created a tenancy at sufferance. *See Clarkson v. Deutsche Bank Nat'l Trust Co.*, 331 S.W.3d 837, 839–40 (Tex. App.—Amarillo 2011, no pet.). As other courts have explained in similar situations, the occupants' status as tenants at sufferance under the deed of trust did not require that Fannie Mae be a beneficiary of the deed of trust or the owner of the lien when it was foreclosed upon. *See Lenz v. Bank of America*, 510 S.W.3d 667, 671 (Tex. App.—San Antonio 2016, pet. denied); *Jimenez v. Fed. Nat'l Mortgage Ass'n*, 02–15–00229–CV, 2016 WL 3661884, at *3 (Tex. App.—Fort Worth July 7, 2016, no. pet.) (mem. op.).

To prevail in the forcible detainer action, Fannie Mae was not required to prove title, but

was only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *See Rice*, 51 S.W.3d at 709; *Jimenez*, 2016 WL 3661884, at *2. Fannie Mae produced evidence of ownership of the property through the substitute trustee's deed, which showed the property had been sold at a foreclosure sale, and that it purchased the property at that sale. Fannie Mae also showed a landlord-tenant relationship by way of the deed of trust, which contained the provision creating a tenancy at sufferance if the occupants refused to vacate the premises. Appellant does not dispute that he received notice to vacate. As the *Lenz* court concluded under similar circumstances:

> Because the original deed of trust gave rise to a tenancy at sufferance relationship upon foreclosure, the county court did not have to determine which party was the true owner of the property to resolve the question of possession, and, therefore, the court did not have to resolve a title dispute in order to determine who had the right to possession.

*Lenz*, 510 S.W.3d at 672; *see also Villalon v. Bank One*, 176 S.W.3d 66, 71 (Tex. App.—Houston [1st Dist.] 2004, pet. denied) ("The landlord-tenant relationship established in the deed of trust provided a basis for the county court to determine that Bank One had the right to immediate possession without resolving whether Bank One wrongfully foreclosed on the property, an issue relating directly to who has title to the property.").

We conclude Fannie Mae met its burden in this forcible detainer action. *See Lenz*, 510 S.W.3d at 672 (bank met its burden in forcible detainer action by producing foreclosure deed that showed property had been sold at foreclosure sale and bank purchased property at that sale, and original deed of trust that contained provision creating tenancy at sufferance; occupants did not dispute they received notice to vacate); *Harrell v. Citizens Bank & Trust Co. of Vivian, Louisiana*, 296 S.W.3d 321, 328 (Tex. App.—Texarkana 2009, pet. dism'd w.o.j.) ("The foreclosure pursuant to the deed of trust established a landlord and tenant-at-sufferance relationship between the Bank and Harrell, which provided a basis for determining the right of

possession."); *Clarkson*, 331 S.W.3d at 840 ("Deutsche Bank proved up its right of possession by presenting evidence of the foreclosure, substitute trustee's deed, and notice to vacate the premises."). Hence, there is sufficient evidence to support the trial court's judgment, and we overrule appellant's second issue.

We affirm the trial court's judgment.

161117F.P05

/Lana Myers/
LANA MYERS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

JOHN W. FEUERBACHER, Appellant

No. 05-16-01117-CV      V.

FEDERAL NATIONAL MORTGAGE
ASSOCIATION A/K/A FANNIE MAE,
Appellee

On Appeal from the County Court at Law
No. 2, Kaufman County, Texas
Trial Court Cause No. 16C-0010-2.
Opinion delivered by Justice Myers. Justices
Francis and Whitehill participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is

**AFFIRMED**.    It is **ORDERED** that appellee FEDERAL NATIONAL MORTGAGE

ASSOCIATION A/K/A FANNIE MAE recover its costs of this appeal from appellant JOHN W.

FEUERBACHER.

Judgment entered this 21st day of November, 2017.